HORACE GOODRICH AND BERTHA M. GOODRICH, *Appellants,* v. RUSSELL THOMPSON et al, *Appellees.*

Division B.

Opinion filed July 26, 1928.

*Jennings, Hamilton & Smith* and *Pat Whitaker,* for Appellants.

*Burket & Fish, F. W. Dart, Sawyer, Surrency, Carter & Keen, N. G. & John Fite Robertson & Mabry, Reaves & Carlton,* for Appellees.

WHITFIELD, P. J.—This appeal is from a decree rendered July 29, 1927, denying a motion to set aside and strike from the record a final decree dated November 11, 1916, in a

mortgage foreclosure proceeding, upon the theory that such final decree is void and to set aside and vacate as void the sale and the confirmation thereof made pursuant to such final decree. The grounds of the motion in their essence are that the court was without jurisdiction to entertain the foreclosure proceedings because the principal mortgagor had died before the foreclosure suit was begun and because the court was without jurisdiction to revive the suit brought against the deceased mortgagor by making the mortgagor's minor heir a party defendant and because the minor heir, a non resident of the State, was not duly served with process in the cause, specifications as to matters of jurisdiction and of alleged defects of procedure being stated in detail.

It appears that in Florida on January 26, 1914, John K. Goodrich and his wife Bertha M. Goodrich gave to Jean D. Browning and C. N. Thompson a promissory note for $1800.00 payable on or before one year after date, and also executed a mortgage on Florida lands to secure the payment of the note; that C. N. Thompson acquired the entire note; that on March 8, 1916, C. N. Thompson brought suit to enforce the mortgage lien making John K. Goodrich and Bertha M. Goodrich defendants, and constructive service of process was had against the defendants as non-residents of the state; that subsequently it was made to appear that John K. Goodrich had died, and his only child Horace Goodrich, a minor, was made defendant with his mother Bertha M. Goodrich, and constructive service of process in the cause was had as to the minor defendant, a non-resident of the State of Florida, and a guardian *ad litem* for the defendant minor was appointed and he filed an answer in the cause; that the mortgage lien was enforced by decree and judicial sale of the property in 1916; that in January 1918, C. N. Thompson, the mortgagee purchaser at the judicial sale, died; that on March 14, 1927, Horace

Goodrich, who had then become of age, joined by his mother Bertha M. Goodrich, filed a motion to set aside and vacate the decrees in the foreclosure suit as being void, and served notice upon the devisees and executors of the last will of C. N. Thompson; that such devisees and executors, and others who intervened as purchasers of portions of the property, contested the rights of Horace Goodrich and Bertha M. Goodrich as asserted in their motion made in 1927 to vacate the decrees and sale of the property in the foreclosure proceedings in 1916, the denial of which motion is the subject of this appeal.

Where a decree is shown by the record of the case to be absolutely void, as it is when the record in the case shows the court did not have jurisdiction of the subject matter or of the parties, the decree being a nullity, may be set aside or stricken from the court records at any time; and a decree when void may be collaterally assailed. Where the court had jurisdiction and authority to proceed, a merely erroneous decree rendered in the cause, may be subject to reversal on appeal, or it may be amenable to an appropriate direct attack as by an original bill in the nature of a bill of review or other authorized procedure. Florida Chancery Jurisprudence p. 248; but if a decree is not shown to be void, it should not be set aside or stricken from the record on motion. See Malone v. Meres, 91 Fla. 709, 109 So. 677; McDaniel v. McElvy, 91 Fla. 770, 108 So. R. 820, text 835; Shrader v. Shrader, 36 Fla. 502, 18 So. R. 672; Quigley v. Cremin (on rehearing) 94 Fla. 104, 113 So. R. 892; Sawyer v. Gustason, decided at the present term. The principles of law relative to collateral attacks on decrees need not be discussed here.

If, when the decree of foreclosure was rendered, the court had jurisdiction of the subject matter and of the

parties, the decree is not void and a motion to vacate the decree was properly denied.

As Bertha M. Goodrich signed the note with her husband, John K. Goodrich, and joined her husband in executing the mortgage on the lands to secure the payment of the note, she was at least a proper party defendant in the foreclosure proceedings; and even though John K. Goodrich, the other defendant, was dead when the foreclosure suit was brought, the court had jurisdiction of the subject matter, and due constructive service of process in the cause on the defendant, Bertha M. Goodrich, was sufficient to authorize the court to substitute the only child of John K. Goodrich in lieu of his father as a defendant in the cause. There being one proper defendant, Bertha M. Goodrich, the suit was in existence even though the other named defendant, John K. Goodrich, was dead when the suit was begun, and the addition of Horace Goodrich as a necessary party defendant was clearly within the province of the court; and the cause could proceed to a finality if due process of law be satisfied by the constructive service of process on the non-resident defendants under the statutes authorizing service of process by prescribed procedure and publication.

The statute in force in 1916, Sec. 3111, Rev. Gen. Stats. 1920, Sec. 4895, Compiled General Laws, 1927, provides that to procure service of process by publication upon non-resident defendants a sworn bill or affidavit shall state the belief of the affiant that the defendant is a resident of a state or county other than this State, specifying as particularly as may be known to affiant such residence, or that his residence is unknown. It is also provided that "The clerk shall have all orders of publication against an absent defendant, whether made by the judge or himself, published with as little delay as may be, in such news-

papers as may be designated in the order, once a week, for four consecutive weeks, if the defendant be stated to be a resident of the United States; or if he be stated to be a non-resident of the United States, or if his residence be stated to be unknown, for eight consecutive weeks; he shall also, within twenty days of the making of the order post a copy of the said order at the door of the court house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.''

The process herein states that the first affidavit in this cause made it appear that the defendants are residents of a state or county other than the State of Florida, and that they reside in the city of Norwich and State of Vermont. The affidavit made August 19, 1916, for process against Horace Goodrich is that ''it is the belief of affiant that the defendant, Horace Goodrich, is a minor under the age of 21 years, and that the said minor is about 10 years of age; that the said defendant, Horace Goodrich, is a resident of a state or county other than the State of Florida, and that he resides in the city of Norwich and State of Vermont.'' The process as duly published required the defendant to appear to the bill of complaint on September 25, 1916.

A ground of the motion to vacate the foreclosure decree is that the last affidavit is insufficient as a predicate for constructive service of process by publication in that ''it fails to give the full and correct residence or post office address of said minor, and fails to follow the statute in such cases by stating the belief of the affiant that such place of residence is specified as particularly as may be known to affiant, or words to that effect.'' It is also in substance asserted that the process is indefinite and insufficient to afford due process of law.

The State has power to determine by what process and

procedure legal rights may be asserted and determined, provided the procedure adopted as applicable to the particular case does not arbitrarily and unjustly discriminate so as to deny to a party the equal protection of the laws, and does afford reasonable notice and a fair opportunity to be heard before rights are decided, so as not to deprive any person of life, liberty or property without due process, in violation of organic law. "It is the duty of the owner of real estate, who is a non-resident, to take measures that in some way he shall be represented when his property is called into requisition; and if he fails to do this, and fails to get notice by the ordinary publications which have usually been required in such cases it is his misfortune, and he must abide the consequences. Such publication is 'due process of law'." Huling v. Kaw. Val. Ry. & Imp. Co., 130 U. S. 559, text 564, 9 Sup. Ct. R. 603; Tibbetts v. Olson, 91 Fla. 828, 108 So. R. 679, 688.

"Constructive or substituted process, valid and sufficient as to persons *sui juris,* applies to and is binding upon persons *non compos mentis,* infants, and persons under other legal disability, unless an exception be created in favor of the classes last named. Since the general chancery procedure Act of November 7, 1928 (Duval's laws, 1839, p. 128), the statutes of this State have afforded a means of effecting constructive service upon non-residents and the classes of other absent defendants designated in such statutes which process, when properly invoked and employed, is binding upon and applicable alike to all persons within the designated classes of defendants, whether such persons be *sui juris,* or infants, or persons *non compos mentis.* Anything said to the contrary in Peacock v. City of Miami (Fla.), 109 So. R. 458, is hereby modified to accord with the rule stated herein and in McDaniel v. McElvy (Fla.), 108 So. R. 820." Quigley v. Cremin, 94 Fla. 104; 113 So. R. 892.

"The city of Norwich and state of Vermont," is a village and not a city of very large population as in Ortell v. Ortell, 91 Fla. 50, 107 So. R. 442, where it was held that an affidavit is insufficient which stated that the defendant "is a resident of the city of New York, in the State of New York," when the street address was not given and the affiant did not specify "as particularly as may be known to affiant" the residence of the defendant. The statement in the affidavit that the defendant was then a resident of Norwich, Vt., a village of several hundred inhabitants, is reasonably adequate to enable notice of process to reach the defendant through the mail as contemplated by the statute, particularly when the law requires non-resident landowners to take measures that in some way they shall be represented when their land in this State is brought into litigation. Tibbetts v. Olson, 91 Fla. 824, 848, 108 So. R. 679, 688.

The process is in its contents a sufficient complience with the essential requirements of the statute and taken with its publications as required by the statute, is sufficient to afford due process of law to the defendant minor. See Blake v. Zittrouer, 1. Fed. (2nd) 496.

The mortgage lien upon the land was subject to enforcement by decree and sale, and constructive notice to the owners by publication of the process issued in the cause as provided by the statute authorized the court having jurisdiction of the subject matter to proceed to decree and sale to enforce the contract lien, even though the owners be non-residents of the State and even though the owners did not in fact receive notice of the foreclosure proceedings, the notice given being as authorized and required by a general procedure statute and it being reasonably adequate to afford notice to non-residents of the State who are under a duty to be attentive to judicial proceedings that affect

their rights in lands particularly when those rights are subject to contract or statutory or other encumbances. The constructive service of process was good as to the minor defendant.

Being in accord with the statute and not indefinite or otherwise defective as alleged, the process of the court in the foreclosure suit and its constructive service under the statute upon the defendants Bertha M. Goodrich and Horace Goodrich, were sufficient to afford due process of law in enforcing the mortgage lien upon the land. A decree *pro confesso* was entered against Bertha M. Goodrich and the guardian *ad litem* appointed by the court for the minor defendant Horace Goodrich filed an answer. Even if the mere errors appear in the proceedings, the decrees rendered in the cause are not void, and the motion to vacate, set aside and strike the decrees was properly denied.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.

BROWN, J. (concurring):

While at first sight it might appear that, as to the remedy by way of motion, the opinion in this case is at variance with the line of cases following Stribling v. Hart, 20 Fla. 236, upon closer inspection there appears to be an important distinction between the two classes of cases. The general rule, as properly stated in the foregoing opinion, is, that if a decree, which has become absolute, is not shown to be *void* on the face of the record, it should not be set aside, vacated or stricken from the record on motion. But the foregoing rule is not in conflict with the further rule, which is well

established, that where the purpose is not only to open and vacate a decree, which has become absolute under the rule and the statute, but also present to the court a meritorious defense which the party was unable to make, or was prevented from making, by causes beyond his control or obstacles insuperable in their character, such party being free from laches, the court has the power to open and set aside the decree and let in the defense, although such decree be not void. In such a case, ''the facts established must show deceit, surprise or irregularity in obtaining the decree, that the defendant has acted *bona fide* and with reasonable diligence, and has a meritorious defense, and the facts constituting such defense must distinctly and satisfactorily appear, and the proposed answer should be exhibited.'' See Stribling v. Hart, *supra*; Sawyer v. Gustason, decided at the present term, and authorities cited in the latter case.