THE PALATKA BUILDING AND LOAN ASSOCIATION, a corporation, *Appellant,* v. ELIDA LEVEY, *Appellee.*

147 So. 212

Opinion filed March 24, 1933.

294

*Julian C. Calhoun* and *Richard W. Ervin, Jr.*, for Appellant;

*Hilburn & Merryday*, for Appellee.

DAVIS, C. J.—This is an appeal in chancery from an order of the Circuit Court of Putnam County, quashing, vacating and declaring null and void and of no effect an order of constructive service by publication attempted to be made in

a foreclosure suit. The constructive service order was quashed because it required the defendant named therein to appear on Monday, August 20, 1932, whereas August 20, 1932, fell on Saturday, instead of Monday as stated in the order.

Section 26 of Chapter 14658, Acts of 1931, commonly known as the 1931 Chancery Act, in providing that the Court may at any time, in furtherance of justice, permit any process, proceeding, pleading or record in a chancery cause to be amended, does not authorize the perfection by amendment of a statutory chancery order for constructive service that is invalid because of an indefinite and ambiguous return date stated therein.

An order for constructive service made and published under Sections 4895-4896 C. G. L., 3111 R. G. S., is not required to be made returnable to a rule day (Smith v. Elliott, 56 Fla. 849, 47 Sou. Rep. 387), but the day designated therein as the return day must be definitely and certainly stated or the order for constructive service will be void. The rule in this State is that the constructive service statute must be strictly complied with before the Court can acquire jurisdiction by constructive service under the statute. Mabson v. Mabson, 104 Fla. 162, 140 Sou. Rep. 801, and cases cited therein; West 132 Feet, etc. v. Orlando, 80 Fla. 233, 91 Sou. Rep. 369.

Section 3 of Chapter 14658, *supra,* prescribing a form of personal process to be issued in chancery cases has no application to orders for constructive service in chancery cases made under Sections 4895-4896, C. G. L., 3111 R. G. S. (Chapter 11364, Acts of 1925, Special Session). The provisions of the foregoing statutes as to constructive service have not been affected nor changed by the 1931 Chancery Act. See McCarthy on 1931 Florida Chancery Acts, page 9.

The affidavit alleged that the defendant Elida Levey is a non-resident of Florida and that "the residence of the said Elida Levey as particularly as is known to me, is R. F. D. No. 3, Bostford Street, Hempstead, Long Island New York." Such an allegation in the affidavit is in compliance with the statute, which requires the affiant to "specify" *as particularly as may be known to affiant* the defendant's residence. While the reference to "R. F. D. No. 3" may be considered a mail address, it is also a definite location of the place of "residence" as well. This is so because this court judicially knows that the terms "R. F. D. No. 3" means a particular free delivery mail route on which the defendant's residence in the stated community is supposed to be. And if that statement in the affidavit were subject to the criticism that it is merely an address only, the reference in the affidavit to "Bostford Street" supplies the omission as to the place of residence. The affidavit here considered is wholly unlike that dealt with in Ortell v. Ortell, 91 Fla. 50, 107 Sou. Rep. 442. See also Catlett v. Chestnut, 107 Fla. 498, 146 Sou. Rep. 241; where the difference between an "address" and "residence" is discussed.

Affirmed and remanded for further proceedings according to law.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.