IN RE: ESTATE OF JOHN BEGG, deceased. JOHN ALFRED BEGG, JR., individually and as Executor under the last Will and Testament of JOHN BEGG, deceased, and ROSE G. BEGG, v. FLORIDA BAPTIST CONVENTION, a corporation, et al.

12 So. (2nd) 115                     June Term, 1942
January 8, 1943                         Division B
Rehearing Denied March 6, 1943

*Rush & Pierce* and *George A. Pierce,* for John Alfred Begg, Jr., *Uly O. Thompson, J. Lewis Hall* and *John G. Simms,* for *Rose G. Begg,* appellants.

*Charles A. Powers, Charles A. Powers, Jr.,* and *Crofton & Wilson,* for appellees.

CHAPMAN, J.:

On May 4, 1902, John Begg and Rose G. Begg married at Fernandina, Florida, and a son, John A. Begg, Jr., was born to the union. On August 15, 1933, John Begg filed in the Circuit Court of Brevard County, Florida, a bill of complaint praying for a divorce. Through counsel, Ion L. Farris (now deceased) and W. A. Pattishall, Rose G. Begg filed an answer and several hearings were had and testimony taken before a master; she attended some of these hearings. Counsel for John Begg advised counsel for Rose G. Begg that they intended to file an amended bill of complaint charging Rose G. Begg with immoral conduct. When Rose G. Begg was so informed by attorney Ion L. Farris she directed him to go from his office in Jacksonville, Florida, to Titusville, Florida, and obtain the very best property settlement and a divorce.

Attorney Ion L. Farris, pursuant to the instructions of Rose G. Begg, conferred with opposing counsel and a compromise agreement was reached whereby Rose G. Begg was to have the home situated at Titusville, with other property, and on March 17, 1934, a divorce decree was entered by the Circuit Court of Brevard County, Florida. Some of the testimony taken by the parties prior to the time of the conference of counsel upon the compromise agreement reached became irrelevant to the subsequent issues submitted to the Court and on which the final decree dated March 17, 1934, was predicated.

On January 31, 1939, John A. Begg died testate and his estate was inventoried at approximately $35,000.00, and no portion thereof was devised or bequeathed to his former wife, Rose G. Begg. The attorney for Rose G. Begg in the divorce proceedings, Ion L. Farris, predeceased John A. Begg. On

July 4, 1939, Rose G. Begg filed in the Circuit Court of Brevard County, Florida, her bill of complaint in the nature of a bill of review, in which it was, in part, alleged that the divorce proceedings and alimony settlement were obtained by fraud and perjured testimony and sought a decree declaring null and void the divorce decree dated March 17, 1934. The bill of complaint was dismissed by the lower court and on appeal here the order of dismissal was affirmed. See Begg v. Begg, 145 Fla. 696, 200 So. 96.

The will of the late John A. Begg was probated and letters testamentary issued in Brevard County, Florida, on February 3, 1939. On November 16, 1939, Rose G. Begg filed in the County Judge's Court of Brevard County a petition for the revocation of the probate of the will of John A. Begg and elected to take dower, and she likewise dissented from the terms of the will of her former husband, John A. Begg. A petition for an allowance to the widow of John A. Begg was presented to the County Judge of Brevard County. These petitions were presented to the County Judge's Court on the theory that the divorce decree dated March 17, 1934, was void *ab initio*.

Appropriate pleadings were filed to the several petitions of Rose G. Begg filed in the County Judge's Court of Brevard County, Florida, and issues were tendered and testimony heard before the Honorable Vassar B. Carlton, county judge, who sustained objections to the testimony offered by Rose G. Begg attacking the validity of said divorce decree, and he concluded and so held that Rose G. Begg was not the widow of the late John A. Begg and that the divorce decree dated March 17, 1934, was binding and her several petitions were dismissed on November 6, 1941. An appeal was perfected therefrom to the Circuit Court of Brevard County, Florida, and affirmed on January 31, 1942. An appeal has been perfected therefrom to this Court.

Counsel for Rose G. Begg contend that the final decree of divorce dated March 17, 1934, was obtained by fraud, deceit, connivance and trickery and is a mere *brutum fulmen* which can or may be collaterally attacked. Rawlins v. Rawlins, 18 Fla. 345; Alabama Hotel Co. v. J. L. Mott Iron

Works, 86 Fla. 608, 98 So. 825; Malone v. Meres, 91 Fla. 709, 109 So. 677; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; Goodrich v. Thompson, 96 Fla. 327, 118 So. 60; Watkins v. Johnson, 139 Fla. 712, 191 So. 2; 54 C.J. p. 565, par. 866, are cited and relied upon to sustain this conclusion. The case of Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893, is relied upon as an authority to sustain the power of courts of equity to set aside judgments and decrees obtained by fraud, deceit, artifice and trickery.

It is settled law that a *brutum fulmen* judgment can or may be stricken from the record on motion at any time and may be collaterally assailed, but if the court has acquired jurisdiction of the parties and the subject matter, the judgment or decree entered is binding, even though irregularities of procedure exist, and if error or irregularity occur the appropriate ruling may be had upon appeal. See Malone v. Meres, supra. There was no appeal from said divorce decree. The appellant collaterally attacks the decree of divorce dated March 17, 1934. It has not been made to appear that the Circuit Court of Brevard County, Florida, did not have jurisdiction of Rose G. Begg and John A. Begg and the power to grant the divorce, or, differently stated, the court had jurisdiction of the subject matter and the parties when the challenged decree was entered, and the decree, when subsequently attacked by bill of review, was left in full force and effect. This Court sustained the final decree, *supra,* when it affirmed the decree of the circuit court dismissing the bill filed by Rose G. Begg in the form of a bill of complaint in the nature of a bill of review, in which she prayed that said divorce decree be set aside and annulled. See Begg v. Begg, supra.

It is contended that the order of distribution entered by the County Judge's Court on November 6, 1941, directing the executor to pay to designated legatees 90% of the respective amounts stated in the will of the late John A. Begg was erroneous. The authority to sustain the order is Section 160 of Chapter 16103, Acts of 1933, commonly known as the Probate Act. It has not been made to appear that the order complained of is clearly erroneous.

Some of the legatees are viz: (1) Florida Baptist Children's Home, Arcadia, Florida; (2) Baptist Hospital of the Southern Baptist Convention (Missionary) at New Orleans, Louisiana; (3) State Mission Board of the Florida Baptist Convention; (4) Home Mission Board of the Southern Baptist Convention; (5) Foreign Mission Board of the Southern Baptist Convention. The order of distribution sufficiently identifies the respective legatees and a payment to those named therein meets all legal requirements.

We fail to find error in the record and accordingly, the decree of the lower court is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.