**MARGARET ELEANOR ECKERSLEY v. ROYDEN CYRIL ECKERSLEY.**

26 So. (2nd) 811                                      June Term, 1946
July 16, 1946                                   Special Division A

*Paul H. Brinson,* for petitioner.

No appearance for respondent.

SEBRING, J.:

This is a certiorari proceeding to review an order in an equity suit in which the chancellor rejected a Master's report, vacated a decree pro confesso, and set aside an order of publication, on the ground that the affidavit for constructive service upon which the order of publication was based was contrary to the provisions of Section 48.04, Florida Statutes, 1941, F.S.A.

Section 48.04 Florida Statutes, 1941, F.S.A. provides, among other things, that as a condition precedent for service of process by publication against a natural person the plaintiff shall file a sworn bill of complaint or statement which shall show: (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; (2) whether such person is over or under the age of twenty-one years, if his age is known, or that his age is unknown; and (3) that the residence of such person is either unknown to the affiant, or if known, that the residence is in some state or country other than the State of Florida, and the place of residence shall be stated, if known.

The suit in which the order sought to be reviewed was made was a suit for divorce brought by the petitioner, Margaret Eleanor Eckersley, against her husband, Royden Cyril Eckersley.. The bill of complaint sworn to by the petitioner contains the averment that the wife "brings this her bill of complaint against Royden Cyril Eckersley, a resident of Detroit, Michigan." In paragraph one of the bill it is alleged

"that the address and place of residence of the defendant is 8213 Linwood Avenue, Detroit, Michigan." In paragraph five of the bill is the further allegation that the defendant, Royden Cyril Eckersley "continued to reside with [the plaintiff at Miami, Florida] until his departure from their home on or about January 26th, 1946, since which time the defendant has been residing in Detroit, Michigan." In the affidavit appended to the bill appears the averment that "the defendant, Royden Cyril Eckersley is a resident of the State of Michigan, whose address is 8213 Linwood Avenue, Detroit, Michigan."

The statutory requirements prescribed in Section 48.04, supra, to be contained in a sworn bill or statement filed in every equity suit as a condition precedent for service of process by publication against a natural person are severable and are framed to meet the different and varying conditions that may arise in cases where substituted service must be resorted to to obtain jurisdiction over a defendant because of the inability of the plaintiff to get personal service upon him; and only such of the statutory requirements as are material or germane to the facts and conditions of a particular case need be stated. See McEwing v. McCulloch, 142 Fla. 844, 196 So. 851; Gribbel v. Henderson 151 Fla. 712, 10 So. (2nd) 734. In the case at bar the plaintiff makes the direct, positive, unequivocal allegation in her bill of complaint that the name of the defendant, to whom she had been married for a period of more than four years and by whom she had borne a son, was Royden Cyril Eckersley. Her allegation that the defendant husband was a resident of Detroit, Michigan, at the time of the institution of suit and that his address was 8213 Linwood Avenue, Detroit, Michigan, is just as direct, positive, and unequivocal. These matters are sworn to by the plaintiff as being facts which are definitely known to her to be true, and we know of no other essential facts on the point which could have been alleged by the plaintiff to strengthen these allegations of ultimate fact, or which would have added one whit or tittle to their verity. In the light of the allegations made it is not necessary for the plaintiff to allege in her sworn bill or statement that she has made diligent search and inquiry to discover the name and residence of the defendant.

The sworn bill of complaint fails to allege whether the defendant husband is over or under the age of twenty-one years, or that his age is unknown, but we do not regard this omission as fatal to the perfection of substituted service. Section 743.01 Florida Statutes, 1941, F.S.A. removes the disabilities of nonage as to minors who have been or are lawfully married and make them as amenable to process and suit as though they were twenty-one years of age. We are of the view, therefore, that where it is shown that a party defendant is or has been lawfully married, the requirement that his age be alleged becomes unnecessary and immaterial. But even if it be assumed that sworn allegations as to the age of a defendant spouse are necessary and indispensable conditions precedent to a valid order of publication in a suit for divorce, the pleadings in the case do not wholly fail to meet the test. The allegations of the sworn bill of complaint are that the plaintiff and defendant were married at Titusville, Florida, on November 30, 1941—a date more than four years prior to the institution of this divorce suit—and that at the time of the marriage of the parties the husband was in the military service of the United States. We think these facts raise a strong justifiable presumption that as of the time of marriage the defendant was of marriageable age, as required by Section 741.04, Florida Statutes, 1941, F.S.A., and that he was of the lawful and requisite age to be a member of the United States Military forces—in which either event the defendant would have been over the age of twenty-one years at the time of the institution of suit.

The writ of certiorari must be granted with directions that the order sought to be reviewed be quashed, and that the cause proceed to final adjudication upon the pleadings and proof taken before the Master.

It is so ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.