WIGGINTON, Chief Judge.
Defendants seek review by interlocutory .appeal of a post decretal order denying his •motion to vacate and set aside a final de•cree of divorce entered against him, and to dismiss the cause. The principal thrust of the motion is grounded upon the contention that the court lacked jurisdiction over the person of defendant to entertain the cause or enter the decree sought to be vacated.
Plaintiff wife instituted a suit for divorce against defendant on grounds not necessary to mention. Filed with the complaint was plaintiff’s sworn affidavit containing the following statements of fact:
(1) that she has made diligent search and inquiry to discover the name and residence of the above named defendant and the same is set forth in this sworn statement as particularly as is known to the affiant; and
(2) that the above named defendant, Conlon Wilmott, is over the age of twenty-one years; and
(3) that the last known address of said defendant was General Delivery, Los Angeles, California.
The foregoing affidavit was the basis for service by publication on defendant. Upon his failure to appear in the cause a decree pro confesso was entered against him. Testimony was taken before the court following which a final decree was entered in which it is recited, among other things, that “it appearing from an examination of the record herein that the defendant was duly served according to law by publication and that a decree pro confesso was entered against the defendant the 12th day of February, 1959 * * * ” Defendant contends that the foregoing affidavit was insufficient as a matter of law to constitute a basis for valid service by publication, and therefore the court never acquired jurisdiction over his person.
The statute provides, among other things, that as a condition precedent to service by publication there shall be filed in the cause a statement executed by the plaintiff, his agent or attorney setting forth substantially the matters hereafter required, which statement may be contained in the initial or other pleading, if sworn to, or in any affidavit or sworn statement.[1]
*56 Thus we see from the foregoing provision of our statute that the statement of facts essential to constitute a basis for service by publication may be incorporated either in a sworn complaint or in an affidavit filed separately and independently of the complaint.
The statute further provides that the sworn statement of the plaintiff for service of process by publication against a natural person shall show:
“(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and,
“(2) Whether such person is over or under the age of twenty-one years, if his age is known, or that his age is unknown; and,
“(3) In addition to the above that the residence of such person is, either:
“(a) Unknown to the affiant; or,
“(b) In some state or country other than this state, stating residence if known; or,
“(c) In the state, but that he, (i) has been absent from the state for more than 60 days next preceding the making of the sworn statement, or (ii) conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.” [2]
An examination of the affidavit for constructive service filed by plaintiff as quoted above reveals that it contains sufficient statements of fact to comply with the first two numbered paragraphs of the statute. It is obvious, however, that the affidavit contains no statement of fact which could be considered as compliance with any of the three situations covered in the lettered sub-paragraphs under paragraph 3 of the statute. The statement contained in the affidavit that the last known address of defendant was General Delivery, Los An-geles, California, is not tantamount to nor the equivalent of a statement with respect to defendant’s residence as is required to be made in paragraph 3 of the statute. This is so for the reason that the word “address” as contained in the affidavit, and the word “residence” as contained in the statute are not synonymous within the contemplation of the law.
The plaintiff frankly admits in her brief and in argument before the bar of this court that the statements of fact contained in the affidavit for service by publication were insufficient in that they failed to allege that defendant’s residence was unknown. She contends, however, that this deficiency was supplied by the allegations of her sworn complaint. If plaintiff was correct in this assertion, we would be compelled to hold that the service by publication was sufficient for the reason that the matters required by the statute may be contained either in the complaint, if sworn to, or in the affidavit or other sworn statement.[3]
An examination of the complaint on which, appellant relies to supply the deficiency of the affidavit reveals an allegation to the effect that defendant has been a citizen and resident of the State of Florida, but since November 24, 1958, his address is unknown. This statement is subject to the same objection as is the statement contained in the sworn affidavit, and is not sufficient to supply the requirement of the statute which provides that the *57 sworn statement must allege that the residence of defendant is unknown.
For the reasons above stated we must hold that the sworn statement of plaintiff relied upon as a predicate for service by publication do not meet the requirements of the statute, and therefore the service was insufficient to vest the court with jurisdiction over the person of defendant.
Plaintiff argues, however, that even if the service by publication was insufficient in law to vest the court with jurisdiction over defendant’s person, such a determination would be immaterial in view of the fact that defendant was personally served with process on the date the suit was filed. Plaintiff therefore contends that the personal service on defendant vested the court with jurisdiction, and the entry of a final decree was proper.
An examination of the record reveals that on the date the complaint was filed, summons in chancery was issued in the regular form required by the statute, and on that day was delivered to the Sheriff of Columbia County, for service. An examination of the sheriff’s return attached to the original summons reveals that on the day it was received by him if was served •on defendant by leaving a copy of the writ and a copy of plaintiff’s initial pleading at defendant’s usual place of abode in Columbia County with a member of the defendant’s family then and there residing, above the age of IS years, to-wit: William Wil-mott, defendant’s father, and informing such person of the contents thereof. The affidavit filed by defendant in support of his motion to set aside the final decree alleges that on the date the suit was filed he was in fact a citizen and resident of Columbia County, and was residing in the same home occupied by him and plaintiff prior to their separation. No attack has been made by defendant on the personal service of process.
A closer examination of the record indicates, however, that after the summons was served on defendant in the manner and form set forth in the sheriff’s return, the original summons was for some unexplained reason retained by the sheriff and was not filed in the cause until long after the entry of the final decree. It was not until after defendant’s motion to set aside the final decree was filed that the original summons was procured from the sheriff and filed in evidence before the court on the hearing upon defendant’s motion.
The applicable rule of procedure with respect to personal service of process provides that the person serving the process shall make proof of service thereof to the court promptly, and in any event within the time during which the person served must respond to the process. The rule further provides that failure to make proof of service shall not affect the validity of the service.[4] This rule was interpreted by the Supreme Court in the Klosenski case.[5] That decision is authority for the principle that although valid service of the writ upon a defendant is sufficient to vest the court with jurisdiction over defendant’s person, to authorize the entry of a judgment against a defendant who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only proper service upon such person, but also proper proof of such service either by the officer’s return endorsed on the writ, or by extrinsic proof so conclusive as to leave little, if any, doubt as to the authenticity thereof. It was held that if service of the summons was validly effectuated, the court’s jurisdiction over the person of defendant lies dormant until proper proof is made of the regularity of such service. Until such proof of service is made, the court is without jurisdiction to enter any decree against a defendant who has not appeared in the cause or otherwise submitted himself to the court’s jurisdiction.
*58 From the foregoing we conclude that although the court in this case has jurisdiction over defendant’s person by reason of the personal service of process upon him, the decree pro confesso and final decree entered prior to the time the writ was returned and filed in the cause showing proper service on defendant were not authorized.
We have carefully considered the remaining assignments of error and the points argued on appeal, but find them to be without substantial merit.
The order appealed from is accordingly reversed and the cause remanded with directions that the final decree and decree pro confesso entered against defendant herein be vacated and set aside, and for further proceedings in the cause consistent with the views expressed herein.
STURGIS and CARROLL, DONALD K., JJ., concur.

. F.S. Sec. 48.03(1), F.S.A.

. F.S. Sec. 48.04, F.S.A.

. F.S. Sec. 48.03(1), F.S.A.; 25 Fla.Jur., Process § 34; Eckersley v. Eckersley, 157 Fla. 722, 26 So.2d 811; Sample v. Ward, 156 Fla. 210, 23 So.2d 81; Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734.

. Rule 1.3(e), F.R.C.P., 30 F.S.A.

. Klosenski v. Flaherty, Fla.1959, 116 So.2d 767.