181 So.2d 715 (1966)
E. Margaret WALTON, Appellant,
v.
James B. WALTON, Appellee.
No. 6310.
District Court of Appeal of Florida. Second District.
January 14, 1966.
*716 T. Richard Hagin, of Davis & Hagin, Bushnell, for appellant.
No appearance for appellee.
SHANNON, Acting Chief Judge.
The appellant was the defendant in a suit for divorce filed by the appellee. Service of process was by publication, pursuant to the provisions of the Constructive Service of Process Statutes, Fla. Stat., Ch. 48, F.S.A.
The defendant moved to dismiss on the grounds that the plaintiff's allegations in his complaint and supporting affidavit did not meet the requirements for sworn statements necessary for service by publication, and therefore the court did not have jurisdiction over the person. The chancellor denied the motion in an order finding that the plaintiff had substantially complied with the applicable statute. It is from this order that interlocutory appeal by the defendant is taken.
Fla. Stat., Sec. 48.03(1), F.S.A., requires that, as a condition precedent to service by publication, there shall be filed in the cause a sworn statement by the plaintiff, his agent or attorney "setting forth substantially the matter hereafter required." Fla. Stat., Sec. 48.04, F.S.A., sets forth the allegations for the sworn statement in cases in which a natural person is defendant as:
"The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
"(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and,
* * * * * *
"(3) In addition to the above, that the residence of such person is, either:
"(a) Unknown to the affiant; or
"(b) In some state or country other than this state, stating said residence if known; * * *."
Appellant contends the service in this case was defective because the appellee's statement, while it alleged, inter alia, *717 "that the defendant is a citizen and resident of Lewisburg, West Virginia, and receives her mail at P.O. Box 83 in said city," it did not allege that "diligent search and inquiry" was made to discover the residence of the defendant. In addition, we note that appellee also failed to allege that the residence "is set forth * * * as particularly as is known." While this latter omission was not specifically raised on appeal, we may notice it on our own motion since it relates to jurisdiction. See Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, 80 A.L.R.2d 1117.
Statutes authorizing constructive service of process must be strictly construed and exactly followed in order for a court to acquire jurisdiction. McGee v. McGee, 1945, 156 Fla. 346, 22 So.2d 788. Notwithstanding this rigidity however, substantial compliance with the essential requirements is all that may be necessary to accomplish the purpose of the constructive service statutes, which purpose is to give reasonably sufficient notice that is fair to the defendant and satisfies due process. Gribbel v. Henderson, 1942, 151 Fla. 712, 10 So.2d 734. See Fla. Stat., Sec. 48.03 (1), F.S.A.
It is our view that the issue that emerges in this case can be broadly stated as whether, by strictly construing Fla. Stat., Sec. 48.04, the allegations here "substantially comply" with the essential statutory requirements.
In Eckersley v. Eckersley, 1946, 157 Fla. 722, 26 So.2d 811, the Supreme Court said:
"The statutory requirements prescribed in Section 48.04, supra, to be contained in a sworn bill or statement filed in every equity suit as a condition precedent for service of process by publication against a natural person are severable and are framed to meet the different and varying conditions that may arise * * * and only such of the statutory requirements as are material or germane to the facts and conditions of a particular case need be stated." (Emphasis added.) 157 Fla. at 724, 26 So.2d at 813.
In Eckersley, supra, the sworn statement alleged that "the address and place of residence of the defendant is 8213 Linwood Avenue, Detroit, Michigan." The Supreme Court held that in light of these direct, positive and unequivocal statements, it was unnecessary to allege diligent search and inquiry. The language in Eckersley parallels that used in Gribbel v. Henderson, 1942, 151 Fla. 712, 10 So.2d 734, the court in the latter case saying:
"Other matters averred to be omitted from the `sworn statement for process', such as diligent search to discover facts that are known, etc., are rendered immaterial by the direct positive statements in the sworn bill of complaint of such known matters as are material in this case to authorize the publication of process in substantial compliance with the statutes." (Emphasis added.) 151 Fla. at 729, 10 So.2d at 741.
When viewed together, the Eckersley and Gribbel cases support the view that since the requirements of Fla. Stat., Sec. 48.04, are "severable," a "positive and unequivocable" statement regarding the defendant's residence will render allegations of diligent search and inquiry "immaterial." It follows that failure to "substantially comply" with the statute could not result from the omission of an allegation which is immaterial.
Applying this rationale to the facts, we observe that the major difference between the allegations in Eckersley and those here are that in the instant case the statement does not specify the exact residence address of the defendant. However, we believe that this difference is insignificant and that the allegation directly and positively stating that the defendant's place of residence is Lewisburg, West Virginia, excuses the failure to allege diligent search and inquiry.
*718 McGee v. McGee, 1945, 156 Fla. 346, 22 So.2d 788, cited by appellant, does not compel a contrary result because the sworn statement in that case alleged that "the address of the defendant is unknown," but did not allege that diligent search and inquiry had been made. There were no allegations at all concerning residence and, under these facts, the court properly held that the sworn statement was not sufficient to support constructive service. McGee is clearly distinguishable on its facts from the instant case because here the allegation of residence is a direct statement of sufficient specificity to render diligent search and inquiry unnecessary. Viewed in this light, we find no inconsistency between McGee and our holding here.
As previously mentioned, we have discovered that the sworn statement also did not allege that the residence was stated "as particularly as is known." We do not believe this omission negates substantial compliance with the statute for two reasons.
First, this seems to be the kind of allegation which would be "severable" and not "essential," provided other direct allegations of residence were made. This view finds support in the language of the Supreme Court in Gribbel v. Henderson, supra:
"All the matters stated in the statute as requisites to be included in the record as a predicate for the issue and service by publication of judicial process may not be essential or applicable or useful in all cases of the same general nature or of any given class. The statute contemplates that all the matters stated therein that are legally essential in a particular class of cases to give valid notice and afford due process shall be included in the sworn statement or in a sworn part of the record; but any of such statutory matters that are not essential in a particular case to legal notice to afford due process of law need not be included in the sworn statements contained in the record in that case. * * *" 151 Fla. at 732, 10 So.2d at 742.
The second reason is that the Supreme Court, in interpreting Fla. Stat., Sec. 48.04, F.S.A., and its identical predecessor (C.G.L. 1927 Sec. 4895), has held that a designation of residence in a small town is sufficient to afford due process. For example, an affidavit stating that the defendant was an inhabitant of Norwich, Vermont, was "reasonably adequate to enable notice of process to reach the defendant through the mail." Goodrich v. Thompson, 1928, 96 Fla. 327, 118 So. 60. Cf. Palatka Building and Loan Ass'n v. Levey, 1933, 109 Fla. 293, 147 So. 212. In Minick v. Minick, 1933, 111 Fla. 469, 149 So. 483, the court held that the allegation that the defendant's residence "as particularly as is known to * * * [plaintiff], is Carson City, Nevada," was sufficient. Combining this allegation with the fact that Carson City, Nevada, was a small town, the court held there was sufficient statutory compliance to support a decree pro confesso. The court distinguished Ortell v. Ortell, 1926, 91 Fla. 50, 107 So. 442, as follows:
"* * * It does not appear that Carson City, Nev., is such a large town or city as to come within the rule laid down in Ortell v. Ortell, supra. It was held in that case that an affidavit merely stating the residence of the defendant as being in the `City of New York in the State of New York' should have shown that the affiant was `specifying as particularly as may be known to affiant such residence,' or words to that effect; otherwise any complainant might make an affidavit stating merely that the defendant was a resident of New York City, or some other large city, without giving the street address, although the complainant might have been thoroughly familiar with such street address, with the result that the copy of the order mailed would not be at all likely to reach such defendant. It was therefore held that the affidavit in that case should either have given *719 the street address of the residence of the defendant, or should have stated that the affiant had "specified as particularly as may be known to him' such residence of the defendant. But where an affidavit for order of publication, or a sworn bill, otherwise sufficient, alleges that the residence of the defendant is a small town or city, the absence of a street address, or an allegation to the effect that the affiant has specified as particularly as may be known to him the residence of the defendant, will not, under the Ortell Case, necessarily invalidate the substituted service for publication based on such affidavit or sworn bill. * * *" 111 Fla. at 474, 149 So. at 486.
Appellant contends that since the plaintiff's affidavit here went on to allege a mailing address (P.O. Box 83), the service is invalid because it was held in Wilmott v. Wilmott, Fla.App. 1960, 119 So.2d 54, that "residence" is not synonymous with address. In Wilmott the First District held that the allegation "the last known address of said defendant was General Delivery, Los Angeles, California," was not equivalent to stating that the defendant's residence was either "unknown" (Fla. Stat., Sec. 48.04(3) (a), F.S.A.) or "in some state * * * other than this state." (Fla. Stat., Sec. 48.04(3) (b), F.S.A.). While agreeing with the views expressed in Wilmott, we believe that case inapplicable because the mailing address given here was in addition to an acceptable statement regarding residence. Moreover, the allegation "General Delivery, Los Angeles," aside from stating a mailing address, is similar to the allegation "City of New York, State of New York," prohibited in Ortell v. Ortell, supra, but is quite different from the "small town" rule applied to Norwich, Vermont, and Carson City, Nevada, approved in Thompson, supra, and Minick, supra.
We hold, therefore, that specifying the defendant's residence as Lewisburg, West Virginia (a small town), plus the inclusion of a mailing address, without an allegation that the residence is stated as particularly as is known, is substantial compliance with the statute.
Moreover, since we have decided that the "small town" rule of Minick would not make it absolutely necessary for the affidavit to allege more than the town in which the defendant resides, it would be an anomaly to hold that by virtue of the Wilmott rule the addition of a mailing address would invalidate an otherwise proper service of process. It is entirely within the spirit of the law for a plaintiff to supply the maximum information available in order to insure that notice of suit actually reaches a defendant. A plaintiff should not be penalized for attempting to effectuate the overall intent of the constructive service statute by inclusion of a mailing address which in all probability would expedite receipt of actual notice.
We also point out that we have not overlooked the distinction between the statutory and constitutional standards suggested in Catlett v. Chestnut, 1932, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212, and also in 9 U.Fla. L.Rev. 1, 9 (1956). The decision here is grounded upon statutory interpretation rather than due process, although we have found this distinction to be academic and that it is actually obscured by the cases.
The appellant has presented a second point on appeal, but upon examination of the authorities we have decided it to be without merit and that it warrants no discussion.
Accordingly, the order appealed, which denied the appellant's motion to dismiss, is hereby affirmed.
Affirmed.
LILES, J., and MORROW, R.O., Associate Judge, concur.