337 So.2d 986 (1976)
Eugene J. CALLAGHAN, Appellant,
v.
Blanche D. CALLAGHAN, Appellee.
No. 75-362.
District Court of Appeal of Florida, Fourth District.
March 26, 1976.
Petition for Rehearing Denied June 4, 1976.
*987 Mark Hicks, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellant.
R. Harris Turner, of Turner & Shapiro, Miami, for appellee.
DRIVER, B.J., Associate Judge.
Appellant, Eugene J. Callaghan, was respondent in the trial court in an action for dissolution of marriage brought by his wife, Blanche D. Callaghan. He appeals a post-judgment order denying in part his Motion to Vacate and Set Aside Final Judgment dissolving the marriage.
The parties will be referred to as they appeared in the trial court.
Petitioner-wife filed an action to dissolve the marriage between the parties. Service of process by publication was attempted in accordance with Fla. Stat. § 49.011 (1973). Respondent did not appear in the cause and default judgment was entered against him. A trial on the merits was had before Judge Weissing, who after taking testimony, entered judgment dissolving the marriage and awarding petitioner custody of the minor child of the parties. Immediately after receiving a copy of the Final Judgment, respondent filed his Motion *988 to Vacate Final Judgment, Set Aside Default and for Leave to File Answer and Counterpetition. It is denial of this motion that he appeals. The Motion to Vacate assigned as grounds therefor two primary errors: first, that petitioner-wife at the time of the filing of the petition had not been a resident of the State of Florida for the immediately preceding six months; and secondly, that the requirements of Fla. Stat. § 49.011, necessary to perfect service of process by publication had not been complied with and that consequently the court never acquired jurisdiction of the respondent.
We agree that there was no valid service of process as required by Fla. Stat. §§ 49.011, 49.031, 49.041 (1973). Therefore, we do not deem it appropriate to pass upon the factual issues touching upon the residency of petitioner, but upon remand this issue should be resolved by the trial court.
The husband's Motion to Vacate the Final Judgment was supported in every particular by his sworn affidavit. The Motion to Vacate was called up before Circuit Judge Wehle, an assigned visiting judge, and not before Judge Weissing, the original trial judge.
The motion and affidavits alleged that petitioner had falsely misstated respondent's mailing address.
Fla. Stat. § 49.031 requires, as a condition precedent to service of process by publication under Chapter 49, the filing of a sworn statement. The matters which must be sworn to are delineated by Fla. Stat. § 49.041, which provides:
"The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to affiant." (e.s.)
Petitioner purported to comply with the statute by alleging in her sworn complaint the following:
"Respondent's address is: Othello Lane, Muphaign, Nairobi, Kenya, P.O. Box 46971, Nairobi, Kenya." (e.s.)
The husband's motion and affidavit recited that his correct address was P.O. Box 20047, Nairobi, Kenya, which fact was well known to petitioner-wife, notwithstanding which she caused the Notice of Suit to be mailed to another address which was the business address of the wife. The Notice of Suit was eventually relayed on to the husband; however, he did not receive the Notice of Suit until one week after receiving a copy of the Final Judgment which he seeks to vacate.
The order denying the Motion to Vacate recites that four factors were considered in ruling on the motion. These were:
(a) The available record
(b) The affidavit of respondent
(c) Questions directed to the wife's counsel
(d) The fact that the wife had remarried prior to the hearing on the Motion to Vacate.
The wife did not traverse the Motion to Vacate, nor file opposing affidavits or appear at the hearing on the motion for the reason that she had remarried immediately after the Final Judgment and was someplace in the Middle East with her new husband.
The order denying the motion contained findings of fact, conclusions, and rulings of law. We hold that the factors relied upon by the trial court will not support the rulings. Patently, "questioning of counsel" is not proof and had no probative value to oppose the affidavits of the husband. It is equally patent that the remarriage of the wife had no probative value on the issue of defective service. The "available record" considered by the trial judge consisted merely of the pleadings, Notice *989 of Suit, the purported service, the Final Judgment and the motion itself. The trial on the merits had not been reported and there was no record of the testimony. This left as the only viable factor the sworn statements of the husband in support of his motion.
While the order denied the Motion to Vacate Final Judgment, it did modify the provisions awarding custody of the child to the mother on the grounds that the court had not acquired jurisdiction over the child.
Judge Wehle apparently ruled orally on the motion at the conclusion of the hearing, but after his announced findings of fact, conclusions and rulings of law were reduced to writing, the order was actually signed by Judge Minnet. It is not necessary for us to pass upon the validity of the purported order in view of the other grounds upon which we reverse, but it is appropriate to point out that an order or judgment whose effect is dependent upon findings of fact and conclusions to be drawn from these facts should be signed by the judge before whom the facts are adduced and by whom the findings are made.
Averting now to the merits of the Motion to Vacate, we find that the sworn statement alleging the last known address of a defendant is not tantamount to nor the equivalent of a statement as to defendant's residence as required by Fla. Stat. §§ 49.031 and 49.041. Alleging "address" instead of "residence" in the sworn statement does not meet the requirement of Chapter 49 and vitiates service attempted under the statute. The words "address" and "residence" are not synonymous within the meaning of Chapter 49. Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); Wilmott v. Wilmott, 119 So.2d 54 (1st DCA Fla.App. 1960).
The constructive service statute is strictly construed against a plaintiff who seeks service of process under it. McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945); Canzoniera v. Canzoniera, 305 So.2d 801 (4th DCA Fla.App. 1975); Wilmott v. Wilmott, supra. Service of process in this cause was never perfected upon the respondent, consequently the trial court never acquired jurisdiction over him. Final Judgment entered against respondent below is void and it was error not to grant the Motion to Vacate.
The purported service is afflicted with other infirmities. Even if the errors pointed out above were not present, flaws in the attempted service of process by publication would require reversal. The Notice of Suit was not sent to the husband's correct mailing address. It was, instead, sent to the address of the wife's former employer, even though the correct address was known to the wife since she had left the husband only approximately ten days prior to the filing of the suit. This court, together with our sister courts, has consistently adhered to the principle that in seeking to effect service of process by publication a plaintiff must demonstrate good faith efforts to comply with the statute.
"Further, the court should satisfy itself of the bona fides of the plaintiff in attempting to make constructive service. Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); McDaniel v. McElvy, supra; [91 Fla. 770, 108 So. 820] Green v. Nashner, supra; [216 So.2d 492] Larsen v. Larsen, 180 So.2d 393 (1st DCA Fla. 1965)... . the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." Canzoniera v. Canzoniera, supra, at 803.
*990 The attempted service in this case did not comply with the precepts of the just cited authorities and was, therefore, void as to respondent.
The respondent-husband is entitled to his day in court. His Motion to Vacate Default and Final Judgment and for Leave to File Answer and Counterpetition should be granted upon remand, appellant having submitted himself to the jurisdiction of the court by his Motion for Leave to File Answer and Counterpetition.
Appellee has placed primary reliance for an affirmance on the contention that appellant did not submit to this court a "complete record." We have not overlooked this contention, but find it without merit.
REVERSED and REMANDED for further proceedings consistent herewith.
OWEN and DOWNEY, JJ., concur.

ON PETITIONS FOR REHEARING
DRIVER, B.J., Associate Judge.
The petition of Blanche D. Callaghan, appellee, for rehearing is denied.
The petition of Eugene J. Callaghan, appellant, for rehearing is granted.
The right of a defendant to incorporate an objection to jurisdiction over his person may be joined with a request for other relief without waiving his objections to jurisdiction over his person. Green v. Roth, 192 So.2d 537 (Fla.App.2nd 1966).
Accordingly, the following language is withdrawn from the opinion rendered in this cause on March 26, 1976:
"The respondent-husband is entitled to his day in court. His Motion to Vacate Default and Final Judgment and for Leave to File Answer and Counterpetition should be granted upon remand, appellant having submitted himself to the jurisdiction of the court by his Motion for Leave to File Answer and Counter-petition."
We adhere to that opinion in all other respects.
WALDEN, C.J., and DOWNEY, J., concur.