395 So.2d 521 (1981)
PEOPLES BANK OF INDIAN RIVER COUNTY (Proposed New Bank), Appellant,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE, and Gerald A. Lewis, As Comptroller and Head of the Department, Appellees.
No. 58551.
Supreme Court of Florida.
February 26, 1981.
*522 Larry Levy of Dickinson, Levy & Taylor, Tallahassee, for appellant.
S. Craig Kiser, Gen. Counsel, and Karlyn Anne Loucks, Asst. Gen. Counsel, Tallahassee, for appellees.
SUNDBERG, Chief Justice.
Appellant seeks review of the Department of Banking and Finance's denial of its application for a banking license under chapter 659, Florida Statutes (1977). The appellant attacks the constitutionality of section 659.03 and section 120.60(3), as *523 amended in 1978,[1] of the Florida Statutes, and alleges that the agency improperly considered certain material without affording the appellant an opportunity to refute it. The District Court of Appeal, First District, sustained the agency action and in doing so initially and directly passed on the constitutional issues asserted. See Peoples Bank of Indian River County v. Department of Banking and Finance, 378 So.2d 328 (Fla. 1st DCA 1980). Appellate review of the district court decision is sought in this Court pursuant to article V, section 3(b)(1), Florida Constitution (1972).
The appellant filed an application with the Department of Banking and Finance on July 1, 1978, for authority to organize and operate a new bank on the west side of U.S. Highway # 1 South, 0.6 miles south of the Indian River Drive intersection in Sebastian, Florida. Pursuant to section 659.03(1), Florida Statutes, a preliminary investigation was conducted by the Department's financial investigations coordinator, followed by a field examination of the application conducted by a state financial depository examiner. The examiner submitted his report to the Department on January 16, 1979. In a lengthy order issued March 26, 1979, the Comptroller rejected the appellant's bank application, stating that the statutory criteria set forth in subsections 659.03(2)(a), (b), (e) and (f) were not met. Only the criteria found in subsections (a) ("public convenience and advantage will be promoted by the establishment of the proposed bank") and (b) ("local conditions assure reasonable promise of successful operation for the proposed bank") were fatal to the application since they were, according to the Comptroller, the only unsatisfied circumstances which could not be remedied by the appellant. The appellant obtained judicial review of the agency order in the district court below. The district court upheld the agency, resulting in the appeal to this Court.
Appellant contends first that section 659.03 does not contain sufficient standards to guide agency action in determining whether to grant an application for a banking license and, therefore, constitutes an improper delegation of legislative authority to the Department. We considered and rejected the same argument in our recent decision in Bigler v. Department of Banking, 394 So.2d 989, (Fla. 1981). We likewise reject appellant's argument based on this authority.
The appellant argues that section 120.60(3)(a)2 of the Administrative Procedure Act violates equal protection of the law and procedural due process by requiring banking applicants to request a hearing within twenty-one days of publication of notice of the banking application in the Florida Administrative Weekly. The appellant contends that it should be permitted to request a hearing after learning that there are disputed issues of material fact.
Although the legislature might have more logically provided for a hearing request at a later stage in the informal proceedings, this does not mean that the legislature's failure to do so deprives appellant of its constitutional rights. The statutory language gives plain notice that an applicant or any party wishing to challenge the application must either request a hearing within twenty-one days or waive any right to a hearing. Subsection 120.60(3) provides:
In proceedings for the issuance, denial, renewal, or amendment of a license or approval of a merger pursuant to title XXXVI or title XXXVII:
(a) 1. The Department of Banking and Finance shall have published in the Florida Administrative Weekly notice of the application within 21 days of receipt.
2. Within 21 days of publication of notice, any person may request a hearing, which upon request shall be conducted pursuant to s. 120.57 except that the Department of Banking and Finance shall by rule provide for participation by the general public; provided, however, that failure to request a hearing within 21 days of publication of notice shall constitute waiver of any right to a hearing.
*524 The legislature may determine by what process and procedure legal rights may be asserted and determined provided that the procedure adopted affords reasonable notice and a fair opportunity to be heard before rights are decided. Goodrich v. Thompson, 96 Fla. 327, 118 So. 60 (1928). Here the appellant was afforded such an opportunity before agency action affecting its rights were taken. Indeed, in a sense the statutory criteria listed in section 659.03(2) are, until established, "disputed" facts since the applicant for a license has the burden of showing that he has satisfied them and is therefore entitled to a bank charter. Fraser v. Lewis, 360 So.2d 1116 (Fla. 1st DCA 1978); Florida Administrative Code Rule 3C-10.051. See Stewart Bonded Warehouse, Inc. v. Bevis, 294 So.2d 315 (Fla. 1974). The appellant cannot at this late date claim that it was denied due process because the agency acted adversely on its application.
We also reject the appellant's equal protection attack on subsection 120.60(3)(a)2. A statute is presumed constitutional. Hamilton v. State, 366 So.2d 8 (Fla. 1978). The party challenging a statute has the burden of establishing its invalidity. Milliken v. State, 131 So.2d 889 (Fla. 1961). In our opinion the appellant in this case has not carried its burden in establishing why the time requirements imposed under subsection 120.60(3)(a)2 should rationally apply to other license applicants if it is to be constitutionally applied to applicants for a banking license. We hold that subsection 120.60(3)(a)2 is constitutional.
Finally, the appellant argues that the Department's finding with regard to subsection 659.03(2)(b) must be vacated since the Department relied in part on University of Florida population data not included in the banking application or in the field examiner's report. The district court held that the Department erred in considering data not in the record in deciding that local conditions did not assure reasonable promise of successful operation for the appellant bank and other banks already operating in the area. The district court held, however, that the error was harmless error, citing School Board of Broward County v. Gramith, 375 So.2d 340 (Fla. 1st DCA 1979), and Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979). We agree with the cited authorities' conclusion that a harmless error rule for review of agency action is suggested under section 120.68(8) of the Administrative Procedure Act and that such rule is comparable to the harmless error rule applied in appellate review of lower court decisions. We also agree with the district court that the appellant failed to show that it was substantially prejudiced by the Department's consideration of the University of Florida population figures since there was substantial competent evidence apart from this data to support the finding.[2] The Department is given wide discretion in determining whether the criterion of subsection 659.03(2)(b) is satisfied since the determination involves policy considerations within the Department's specialized expertise as well as "pure" factfinding. See McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), cert. denied, 368 So.2d 1370 (1979).[3]
The Department nonetheless maintains that the disputed population data was properly considered by the Department since it was identified in the final order as a basis for its action and was therefore a part of the record for judicial review pursuant to section 120.68(5)(c), Florida Statutes. See *525 also §§ 120.57(1)(b)5 & 7, and (2)(b), Fla. Stat. We agree that pursuant to these statutory provisions material which is administratively noticed is part of the record for judicial review. But this begs the question of whether the population data is a proper subject for official or administrative notice in the first place. We are not, however, called upon in this case to determine the permissible reach of official notice or the circumstances under which an agency may take official notice of material acting either sua sponte or upon request of a party[4]; for we hold that any material or information which may have been properly noticed must nonetheless have been available to the parties for rebuttal at some stage of the agency proceedings. See United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); National Labor Relations Board v. Johnson, 310 F.2d 550 (6th Cir.1962); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977); Thorn v. Florida Real Estate Commission, 146 So.2d 907 (Fla. 2d DCA 1962).[5]
Accordingly, we affirm the decision of the District Court of Appeal, First District.
It is so ordered.
BOYD and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent for the reasons expressed in my dissenting opinion filed in Bigler v. Department of Banking and Finance, 394 So.2d 989 (Fla. 1981).
In my opinion the decision of the district court of appeal should be quashed.
NOTES
[1] Ch. 78-425, § 8, Laws of Florida.
[2] See Greyhound Corp. v. Carter, 124 So.2d 9 (Fla. 1960). In reaching its finding in the case at bar the Department, as noted by the district court, also considered the industry in the area, local employment and salary statistics, the location of the proposed bank in relation to existing banks, the quality and size of residential areas near the proposed site and past growth rates of existing banks in the immediate area.
[3] As a result of administrative supervision over the field of banking, bank failures have virtually been eliminated. For a discussion of the commercial banking industry, see generally United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963).
[4] The Administrative Procedure Act states only that "[w]hen official notice [of certain material] is requested, the parties shall be notified and given an opportunity to examine and contest the material." § 120.61, Fla. Stat.
[5] The Department notes in its brief that the agency considers population figures from the Division of Population Studies, University of Florida, in every application for a bank since it is the only state agency preparing population figures, and local planning departments and chambers of commerce are less reliable because their figures reflect biases of the preparing agency. If, as it appears, the Department intends to adopt a policy of general applicability, the Department must promulgate the policy as a rule "to close the gap between what the agency and its staff know about the agency's law and policy and what an outsider can know." McDonald v. Department of Banking and Fin., 346 So.2d 569, 580 (Fla. 1st DCA 1977) (quoting Professor Kenneth Davis). See § 120.52(14), Fla. Stat.