PER CURIAM.
Cezarina Onofrio, the former wife, appeals an adverse summary judgment denying her motion for relief from judgment. We affirm in part and reverse in part.
The appellant Cezarina Onofrio and ap-pellee Rubens Onofrio were married in Brazil in 1949 and had three children. In 1956 Rubens came to Florida and, except for periodic visits to Brazil, has resided in Florida since. In 1971 Rubens filed for dissolution of marriage. Cezarina was served constructively by publication under section 49.041, Florida Statutes (1971). Dissolution of marriage was granted in October, 1972 and Rubens subsequently remarried.
In 1989 Cezarina filed a petition to set aside the judgment of dissolution of marriage. She alleged that she received no notice of the dissolution judgment until September, 1988, and that the statement of Cezarina’s residence given by Rubens pursuant to section 49.041 was incorrect. The trial court granted Rubens’ motion for summary judgment and Cezarina has appealed.
We conclude that the trial court was correct in relying on Lanigan v. Lanigan, 78 So.2d 92 (Fla.1955). However, as this matter came before the trial court on a motion for summary judgment, the facts must be taken in the light most favorable to Cezarina. That being so, there is a disputed issue of material fact with respect to the date on which Cezarina knew, or in the exercise of due diligence should have known, of the judgment of dissolution of marriage. The parties’ positions are sharply in conflict on that issue with Rubens contending that Cezarina had actual knowledge long ago, while Cezarina contends that she did not have knowledge until 1988. Cezarina is therefore entitled to an eviden-tiary hearing, and findings, on the Lani-gan issue.
Cezarina also contends that Rubens’ compliance with section 49.041 was insufficient. That is not necessarily so. See Walton v. Walton, 181 So.2d 715 (Fla. 2d DCA 1966). On remand findings should be made with respect to service of process.
*1216 As to Cezarina’s final issue, we conclude that the proceedings regarding dismissal for failure to prosecute, prior to entry of the original final judgment, did not cause a loss of jurisdiction and do not afford an independent basis for relief from judgment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.