MICHAEL C. BOLEY, as Executor of the Will of Louis Boley, Deceased, *Plaintiff in Error,* v. HENDERSON WYNN, *Defendant in Error.*

Opinion Filed November 24, 1914.

1. One whose primary entry of public lands in the U. S. Land Office is cancelled before commutation or the full five years elapse, does not "hold under an apparently good, legal or equitable title derived from the United States Government," within the meaning of the Betterment Procedure Statute.

2. The receipt of a Receiver of a U. S. Land Office made by stat-

ute *prima facie* evidence that title had passed means the receipt or certificate given at the final entry, and not the receipt for the registration fee required at the original entry.

Writ of Error to Court of Record for Escambia County; Kirke Monroe, Judge.

Judgment reversed.

*E. C. Maxwell,* for Plaintiff in Error;

*Watson & Pasco,* for Defendant in Error.

COCKRELL, J.—This is a statutory proceeding for betterments, after the defendant had been cast in ejectment.

At the trial the right of the petitioner, Wynn, to recover for betterments was submitted to the court for adjudication upon agreed statement of facts. We think the issue was fairly presented to the trial court, irrespective of the uncertainty in the pleadings, and that it is now fairly before us.

It appears from this statement that the petitioner's right depended wholly upon the fact that in 1906, he supposed the land was open to homestead entry under the United States laws, and had his primary entry thereof registered in the United States Land Office in Gainesville, Florida. In 1910 those in charge of the Land Office found that the land had theretofore been patented to Boley, predecessor in title and cancelled Wynn's entry. In the meantime the improvements had been made.

The right to recover is given by the statute, Gen. Stats.. Paragraph 1971, to one who held at the time of such improvements "under an apparently good, legal or equitable title derived from the   *   *   *   United States Govern-

ment; or under a legal or equitable title plain and connected upon the records of a public office," * * * provided "he believed the title which he held or purchased to the land thus improved to be a good and valid title."

It is obvious that the petitioner had no claim amounting in dignity to a title legal or equitable. Until final entry of the homestead be made, either by the full five years required by the Federal Statute or commutation by payment, no equitable rights as against the United States accrue under its Homestead Laws; before that time the Register of the Land Office is forbidden to issue any certificate as to the entry.

The petitioner relies upon Gen. Statutes, Paragraph 1537, which reads:

"A receipt of a receiver of the United States Land Office shall in all cases be *prima facie* evidence that the title to the land covered by said receipt has passed from the United States to the person named in the receipt as having paid for the said land."

It is evident, however, that the receipt here mentioned, is the receipt or certificate given by the receiver at the final entry, and the statute was passed with a view to obviating the inconvenience that ensued from the delays so frequently occurring in the issuance from Washington of the Letters Patent, and in recognition of the fact that the full equitable title had passed from the Government to the entryman.

The statute had no reference to the receipt not shown here to have been given for the five dollars registration fee required at the original entry. Such a receipt if given and relied on would of itself destroy the *prima facies* of evidence of the passing of title from the United States.

The cases relied upon by the defendant in error, Pulliam's Admr. v. Robinson, 1 Mon. (Ky.) 229, and Russell v. Defrance, 39 Mo. 506, are evidently based upon final homestead entries, while the statement of the case from Ohio, Shaler v. Magin, 2 Ohio, 235, is so meager that we cannot ascertain whether that court was considering the final entry or the original entry. The distinction we make controlled the decision in Central Branch Union Pac. R. Co. v. Hardenbrook, 21 Kan. 440.

There was error in the ruling that the petitioner Wynn had shown himself entitled to the benefits of the statute, and the judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.