L. B. McEWING v. RICHARD McCULLOCH.

196 Sou. 851
Division B
Opinion Filed January 30, 1940
On Rehearing May 21, 1940
Rehearing Denied June 25, 1940

L. O. Stephens, Keen & Allen, J. Velma Keen, Wm. P. Allen and A. Frank O'Kelley, Jr., for Plaintiff in Error;

B. K. Roberts, Carlton & Sample, D. C. Smith and T. B. Ellis, Jr., for Defendant in Error.

Per Curiam.—Plaintiff in error was, in 1935, the owner of certain land in St. Lucie County, Florida. In that year one S. L. Williams, owner of a tax certificate thereon, brought suit to foreclose. L. B. McEwing, a non-resident, was served by publication. A special master was appointed to make the sale, and did subsequently make it. The sale was confirmed by the circuit court, Richard McCulloch, a third party, being the purchaser. Immediately on receipt of a deed from the special master, McCulloch took possession of the land and began to improve it.

In January, 1938, McEwing brought suit in chancery to set aside the master's sale because of jurisdictional defects apparent on the face of the proceedings, making McCulloch a party defendant to the suit. By decree of that court the sale was set aside and the deed declared null and void.

In May, 1938, McEwing brought action in ejectment against McCulloch to recover possession of the land. By

virtue of the decree of the circuit court cancelling the deed, McEwing was successful in the ejectment suit. McCulloch, alleging that he had made certain permanent improvements, filed petition for betterments under the statute, Sec. 5047 (3239) C. G. L. The improvements consisted of draining and diking certain low sections of the land, planting an orange grove, building a log cabin and mule shed, and digging a well. The jury found these improvements to be worth $11,305, and that the value of the land before the improvements was $784, with no injury being done to the land.

Final judgment was entered by the court reciting the findings of the jury and providing that unless McEwing pay to or secure the payment of $11,305 to McCulloch within 60 days, McCulloch, on the payment of $784 to McEwing, would be given the title to the property.

McEwing filed motion in arrest of judgment, motion for judgment *non obstante veredicto,* and a motion for a new trial, all of which were denied.

At the trial McCulloch introduced evidence as to the cost of the improvements at the time they were made, as distinguished from evidence as to the value thereof. To each question pertaining to such costs McEwing objected, the trial judge overruling all such objections. In betterment proceedings, the amount that may be recovered under Section 5049 (3241) C. G. L. is "the value of the permanent improvements at the time of the assessment." This does not mean the cost of the improvements new, but the value of the permanent improvements to the land. (Glinski v. Zawadski, 8 Fla. 405; 39 C. J. 349.) The reasonable cost of replacing the improvements in their then condition may be admitted in evidence but not the original cost alone. (39 C. J. 336.) The circuit court erred in overruling the

objections of plaintiff in error to the admission of the original costs of the improvements into evidence.

This alone is sufficient to remand the case to the circuit court for further proceedings; but inasmuch as there are presented for our determination other interesting questions which will probably appear again if not decided, we express our opinion on them now.

One of these questions is whether or not the purchaser of real property at a tax foreclosure sale, whose deed was cancelled in a chancery suit, on the ground that the tax foreclosure suit was void on account of jurisdictional defects apparent upon the records of the court ordering the sale, and who has been evicted in an ejectment suit, may maintain betterment proceedings pursuant to Section 5047 (3239) C. G. L. to recover for improvements placed upon the property.

The answer to this question involves a construction of that part of Section 5047 (3239) C. G. L. which is as follows: "That when the defendant made said improvements * * * he believed the title which he held * * * to the land thus improved to be a good and valid title."

This Court has not yet construed this statute with relation to the meaning of the word "believed." However, in Boley v. Wynn, 68 Fla. 341, 67 So. 117, while there is no clear language to that effect, it appears that the belief must be bona fide and based on reasonable grounds.

It appears from the record of the suit to set aside and cancel the master's deed that the only jurisdictional defects consist of having mailed the various notices and orders to the wrong address, when by proper diligence the correct address could have been found; of not having alleged in the bill of complaint in the tax foreclosure suit that defendants, in the belief of plaintiff were either over or under twenty-

one years of age; no certified or other copy of the order of publication was ever posted on the door of the courthouse and no certified or other copy thereof was ever mailed to defendants; and defendants' name was misspelled in all of the orders.

In McDonald v. Rothgeb, 112 Va. 749, 72 S. E. 696, the Virginia Court has said:

"It seems to us that to hold that a purchaser can close his eyes to his record title and recover for improvements, on the theory that 'there was reason to believe the title good' (Code v. 1904, Sec. 2963), would be to set a premium on negligence and nullify our registry statutes."

We are thoroughly in accord with this statement, but under the facts shown in this case we cannot find wherein McCulloch closed his eyes to the record title.

The court in its final decree setting aside and cancelling the master's deed, makes this recital: "The court finds that the said bill of complaint attacks a decree heretofore entered by this court as void for failure to properly follow the statute in obtaining constructive service, all of which matters are of record in this court." While it is probably true that such matters were of record in the court, such defects are not shown on the face of any of the documents, orders or papers at which defendant in error, in a reasonably diligent search might look; for example, the final decree of the court confirming the sale, the deed itself, or the orders of publication. And where a court of general jurisdiction has acted within the scope of its general powers, a presumption exists that the court had jurisdiction of the subject-matter and the parties thereto unless the contrary clearly appears of record. Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 So. 886; Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A. R. R. 212.

To entitle an occupant of land to remuneration for his improvements under the betterment statute, the test of belief should be whether or not he made the improvements while having a genuine, honest opinion that he was the true owner, and in ignorance that any other person claimed a better right to the land. While it is true that the doctrine of *caveat emptor* applies to judicial sales in this State, applying this test to what we have said, *supra,* we can find no reason why defendant in error should be considered as lacking in the requisite belief that his title was good.

Plaintiff in error contends that where the petition does not allege the value of the land at the time of the assessment irrespective of the improvements put upon the land by the defendants in error, such petition does not state a cause of action. We cannot agree with this contention.

No other errors appearing, the final judgment of the circuit court is reversed and a new trial granted.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON REHEARING

PER CURIAM.—Plaintiff in error, on rehearing, contends that in the suit to foreclose the tax certificates "the complainant, his agent or attorney did not in the sworn bill of complaint, or affidavit, state that he was 'specifying as particularly as may be known to affiant such residence, or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application

for the order of publication, * * *.'This is a positive re-quirement of the statute and since it was not followed the court did not obtain jurisdiction of the defendants."

The bill of complaint filed December 7, 1934, in the tax sale foreclosure suit alleges "that the defendants L. B. Mc-Ewen and his wife, Mrs. L. B. McEwen, are non-residents of the State of Florida and are residents of the City of Chicago in the State of Illinois; that the post office address of the said defendants is No. 2412 Michigan Avenue, Chicago, Illinois;" and the affidavit of counsel to the bill of complaint states "that he is the agent and attorney for the complainant, S. L. Williams; that he has read the fore-going Bill of Complaint and has investigated all the allega-tions of fact contained therein, and that the same are true and correct to the best of the affiant's knowledge, informa-tion and belief. Affiant further says that there is no person in the State of Florida upon whom the service of subpoena or summons in chancery would bind the defendants L. B. McEwen and his wife, Mrs. L. B. McEwen; that the Post Office address and residence of said defendants is as stated in the foregoing Bill."

The order of publication of notice was published on December 7, 14, 21, and 28, 1934, the appearance day being January 7, 1935; and the clerk of the circuit court certified "that on the 7th day of December, 1934, I posted a certified copy of said order at the court house door of said county. And on the 7th day of December, 1934, I mailed to the respondent L. B. McEwen, 2412 Michigan Avenue, Chicago, Illinois, and Mrs. L. B. McEwen, 2412 Michigan Avenue, Chicago, Illinois, a certified copy of said order so made in this case." Such certificate was duly filed January 7th, 1935. A similar certificate was made and filed April 8,

1935. Decree pro confesso was entered by the clerk January 7, 1935.

The statutory requirements for obtaining an order of publication of notice on persons in chancery cases of this nature are severable to meet different conditoins of residence, and only those that are germane to the facts of a particular case are required to be stated. Sections 4895 (3111) and 4896 C. G. L.; Balan v. The Wekiwa Ranch, 97 Fla. 180, 122 So. 559. Where the residence of the defendants is sufficiently stated in the affidavit for order of publication of notice of the suit to be at a particular street address in a named city in another named State, the statute does not require such affidavit to state "the belief of the affiant that the defendant is a resident of a State or county other than this State, specifying as particularly as may be known to affiant such residence," "or that his residence is unknown," "or that if a resident he has been absent more than sixty days next preceding the application for the order of publication and that there is no person in the State the service of a subpoena upon whom would bind such defendant," "or that he conceals himself so that the process cannot be served upon him."

The affidavit or sworn bill of complaint should state "the belief of the affiant as to the age of the defendant being over or under twenty-one years, or that his age is unknown." But the last quoted statement is not essential to jurisdiction of the court to proceed in the cause, at least where, as in this case, the sworn statement shows the defendants are a married couple justifying a rebuttable inference that they are at least of marriageable age if not over 21 years of age. In this case an affidavit of counsel made and filed March 6, 1935, alleges "that each of said defendants is over twenty-one years of age." The mere fail-

ure to allege in the bill and affidavit filed December 7, 1934, that defendants were over twenty-one years of age does not oust the court of jurisdiction especially when an affidavit dated March 6, 1935, was filed in the cause by plaintiff's counsel before the decree of foreclosure was rendered April 8, 1935, in which affidavit it is stated "that each of said defendants is over twenty-one years of age."

The decree of foreclosure was annulled three years after its entry because a copy of the order of publication of notice was mailed to the address stated in the affidavit for order of publication of notice, but was not received by the defendants because the address given in the affidavit was not the address of the residence of the defendants. This did not appear by the record when the foreclosure decree was rendered, or when the property was sold under foreclosure, or when the property was conveyed by master's deed to the petitioner for betterments. When the foreclosure sale was made and confirmed, the record did not show fatal defects in the decree.

It is also urged by plaintiff in error that since we have not quoted the entire section in our former opinion, we have not taken into consideration the whole of Section 5047 (3239) C. G. L. and that the determination of the case must of necessity include a consideration of the following portion of that statute:

"That he or those under whom he validly derived held said property at the time of such improvement * * * under a legal or equitable title plain and connected upon the records * * * or under purchase at a regular sale made by an executor, administrator, guardian or other person by order of court."

The record is certainly clear "that he * * * held said property at the time of such improvement * * *." The

sale under which McCulloch attempted to derive title was by "purchase at a regular sale made by an executor, administrator, guardian or other person by order of court." It is true that the sale was later determined by the circuit court to be an invalid sale, inasmuch as defects were made to appear by matter *in pais* as to the true address of the defendants; but the sale was "regular" at the time it was made, and was conclusive on the parties until it was shown by matters *in pais* to be defective. During the time the master's deed and the final decree confirming it were in force McCulloch made the improvements and his belief based on the record as it then stood, that he had a good and valid title, is a justifiable belief, entitling him to recover under the betterment statute.

Evidence as to the cost of the improvements was introduced at the trial of the case, and seasonably objected to. These objections were overruled. The court later corrected such rulings by a charge to the jury, which charge was not given its full effect in the first opinion herein. Any error that may have been committed by the admission of the evidence as to costs of the improvements was sufficiently corrected by the charge, which is as follows:

"Gentlemen of the jury, the court instructs you that, in the event you find for the defendant in ejectment, Richard McCulloch, in determining the amount the defendant in ejectment is entitled to, you are not to take into consideration the moneys which may have been contributed or expended by the defendant in ejectment for or on account of the permanent improvements made on the property in controversy, if you find that any permanent improvements were made thereon, or what the work of placing such improvements on the land is worth because defendant in ejectment is not entitled to recover when the improvements cost him or their peculiar value to him or their actual value,

or the amount which would be necessary to replace them, or what they may be worth to the plaintiff in ejectment, L. B. Ewing, for the purpose to which he intends to devote the property, and, further, because a careless or extravagant man might make a very improvident application of the money or work expended in such improvements and it would be unjust to visit his improvidence upon the other party, but you should fix the amount in such sum of money as will equal only the sum by which the actual or reasonable market value of the land has been enhanced at this time by reason of such improvements."

There being sufficient legal evidence to sustain the verdict and judgment, the former judgment of this Court herein is vacated and the final judgment of the circuit court is—

Affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

THOMAS, J., disqualified.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—In a "Betterment Proceeding After Ejectment," under the statute, Section 5047 (3239) C. G. L., it should be made to appear that when the petitioner purchased the land at a regular sale made by order of court, the record of the proceedings on which the sale was made justified the purchaser in *believing* at the time he purchased the land and made the improvements thereon, that the title conveyed under the sale was a good and valid title.

The decree of the circuit court annulling the title purchased under the foreclosure decree, contains a finding that

the "bill of complaint attacks a decree heretofore entered by this Court as void for failure to properly follow the statute in obtaining constructive service, all of which matters are of record in this court."

While the purchaser at the judicial sale was charged with notice of the record of the proceedings leading to the foreclosure decree under which the land was purchased, such purchaser was not required to take notice of all matters which were "of record in this court," i. e., the circuit court. Counsel for plaintiff in error attached to his brief as an appendix a certified copy of the record of the proceedings in the chancery case setting aside the foreclosure decree. Such transcript necessarily included those proceedings in the foreclosure suit upon which McEwing relied for annulment of the sale under the foreclosure decree. The brief for plaintiff in error states: "Reference to the certified transcript of record in such chancery case, attached to this brief as an appendix, is hereby respectfully prayed."

Such certified transcript of the record was considered by this Court in so far as it directly affects the decree annulling the foreclosure decree, which annulling decree was made a part of the record by the plaintiff in error, who was plaintiff in the ejectment action. The final judgment awarding betterments to the defendant in the ejectment action was rendered by the same judge who rendered the decree setting aside the foreclosure decree.

The failure to properly follow the statute in obtaining constructive service is alleged to be failure to state in the affidavit for publication of process "the belief of the affiant as to the age of the defendants being over or under twenty-one years, or that their ages are unknown," and that the address of defendants were erroneously stated in the affidavit for such publication. The record of the foreclosure proceedings contained in the record to which reference was

prayed, did show that the affidavit for publication of process did not state "the belief of the affiant as to the age of the defendants being over or under twenty-one years, or that their ages are unknown;" but, as shown in the prior opinion on rehearing, such omission did not affect the jurisdiction of the court over the subject matter of the foreclosure suit or the authority of the court to proceed in that cause upon the constructive service of process as published on the affidavit as made for such publication of process. Such omission was not a fatal defect in that foreclosure suit; and this Court can here so state even though no appeal was taken from the decree finding generally as stated above and annulling the foreclosure decree.

The other alleged defect in the affidavit, viz.: stating an erroneous address of the defendants, did not appear in the record of the foreclosure proceedings, but was shown *aliunde* three years later in the suit to annul the foreclosure decree. At the time of the foreclosure sale, the record of which the purchaser at the sale was required to take notice, did not show a fatal defect in the publication of process because of such erroneous statement of the address of the husband and wife, defendants in the foreclosure suit. The envelopes in which the orders of publication were mailed to defendants were returned to the clerk undelivered. These envelopes were on file in the court when the foreclosure decree and sale were made; but they did not show any irregularity in the publication of process. The address given in the affidavit was not shown to be erroneous by mere return of the letters giving notice of the publication of process. Assuming that the erroneous statement of the address of the defendants, husband and wife, in the affidavit for publication in the foreclosure proceeding, as shown in the suit to annul the foreclosure decree, was a sufficient basis for annulling the foreclosure decree, such later show-

ing of the erroneous statement as to the address of the defendants does not retroactively affect the sufficiency of the record of which the purchaser had to take notice to justify *his belief* when he purchased the land and made the improvements thereon, that he would receive a good and valid title through the foreclosure sale.

Rehearing denied.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.