CHARLIE HELTON v. NATHAN MAYO, Custodian, Florida State Prison.

15 So. (2nd) 416                                         June Term, 1943
October 29, 1943                                         Division B

*Charlie Helton* in proper person.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondent.

BROWN, J.:

Petitioner was convicted, and judgment and sentence of three years imposed, on an information charging the removing and concealing of several gallons of "moonshine whiskey" with intent to defraud the State of the tax imposed on such whiskey. The original sentence of five years was suspended and later, on September 8, 1942, the Court of Record of Escambia County held the original sentence void and resentenced the defendant to three years in the State Prison, and commitment issued.

This Court granted writ of habeas corpus on October 4, 1943. On the facts admitted in the return, the above judgment, sentence and resentence are all void, as the information charged no offense, and the petitioner must be discharged from custody under the commitment issued pursuant to said judgment and sentence.

Respondent admits that under the recent decision of this Court in Brown v. State, 13 So. (2nd) 458, 142 Fla. 852, the information upon which the above judgment and sentence were imposed fails to charge an offense against the laws of this State, but respondent alleges that petitioner is also held in custody in the State Prison under a commitment issued by the same court pursuant to a subsequent judgment and sentence rendered on September 22, 1942, whereby petitioner was sentenced to five years for larceny of a hog, "said sentence

20-A—153

to begin and run from expiration of sentence imposed in this Court on September 8, 1942," evidently referring to the void judgment and sentence above referred to. Apparently, this was a valid judgment, but inasmuch as the sentence of September 8, 1942 was legally unauthorized and non-existent at the time the second judgment and sentence of five years was rendered on September 22, 1942, the five year sentence imposed by the second judgment and sentence should be construed to run just as if the above quoted words, to the effect that said sentence should begin to run at the expiration of the (void) sentence of September 8, 1942, had not been included therein. Otherwise petitioner would be done a grave injustice. As we have construed the legal effect of the judgment and sentence of September 22, 1942, no good purpose could be served by ordering the petitioner returned to Escambia County for the imposition of a new sentence with the words above referred to eliminated.

Respondent calls our attention to Section 921.16, Florida Statutes 1941, which provides that "Sentences for imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them shall be served concurrently." The first sentence being void, we see nothing in that section of the statute which changes our views as to the effect which should appropriately be given to the second sentence above referred to, which was imposed under an entirely different and apparently valid judgment and information, which sentence could not run consecutively to a void sentence.

Order of discharge will be entered in so far as the sentence of September 8, 1942 is concerned, as above indicated, but petitioner must be remanded to custody under the commitment issued on the sentence of September 22, 1942, as herein above construed.

It is so ordered.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.