REVISED OPINION ON REHEARING.
THORNAL, Chief Justice.
Our opinion of May 4, 1966 is withdrawn and this revised opinion is substituted in lieu thereof. As addressed to this revised opinion the petition for rehearing is denied.
By application for a writ of habeas corpus petitioner Sterns seeks release from the State Prison.
We must decide whether petitioner’s sentence has been served, thereby justifying his release.
A chronology of events which produced the problem is as follows:
January 3, 1957 — Sarasota County Circuit Court sentenced Sterns to 25 years for robbery.
June 21, 1960 — -Lee County Circuit Court sentenced Sterns to 15 months for escape. This was a consecutive sentence.
September 26, 1963 — Sarasota sentence vacated and new trial ordered pursuant to Rule 1 Motion.
March 31, 1964 — At retrial on robbery charge a new sentence of 18 years was imposed, but with “credit on this sentence for the time served and unfor-feited gain time earned by you while you were imprisoned under the state prison sentence for 25 years which was imposed upon you by this court * * * ” The Division of Corrections was ordered to figure the credit.
July 20, 1965 — Lee County escape sentence was vacated and a new trial granted. Before another trial the charge was nolle prossed.
The respondent contends that when the Sarasota County sentence was vacated on September 26, 1963, it was voided ab initio. He then claims that the only valid sentence which Sterns could have served on and after June 21, 1960, was the 15 month Lee County escape sentence which was imposed on that date. He finally concludes that because of this, when the Lee County escape sentence was “vacated” on July 20, 1965, the Court was without power to enter the order because service of this sentence had already been completed.
The respondent insists that the 15 months served after June 21, 1960, should not be credited as time served under the original 25 year sentence. Hence, he says it should not be allowed as a credit against the 18 year sentence imposed following the Sarasota County retrial. We have not been informed of the exact amount of credit for time served which has been allowed against the 18 year sentence. Respondent does advise that a tentative release date has been set for September 8, 1967. The respondent insists that the judge was wrong in setting aside the escape sentence, which he claims had already expired.
By virtue of Section 944.40, Florida Statutes, F.S.A., the escape sentence of June 21, 1960, was “in addition to any former sentence imposed upon” the escapee. Tirko v. Wainwright, Fla., 178 So.2d 697. So long as any such former sentence was in effect the escape sentence, was not being served.
 However, under Helton v. Mayo, 153 Fla. 616, 15 So.2d 416, when the Sarasota sentence was vacated, it was voided from its inception and the Lee County 15 month sentence then was activated as of the date it was prescribed, June 21, 1960. Ex parte Sams, 67 So.2d 657. Once the service of the escape sentence was begun it would not be interrupted in the absence of some specific court order. Hence, under the second robbery sentence prescribed on March 31, 1964, the petitioner should be *862 ■credited with time spent in prison under the ■original 25 year sentence but he should not "be credited with time served under the 15 month sentence which began to run June .21, 1960.
When the escape sentence was “vacated” •on July 20, 1965, that sentence had long •since been served. The vacating order did not restore credit for the time served under the vacated sentence.
The petitioner is remanded to custody •subject to serving the sentence as construed •by this opinion.
It is so ordered.
THOMAS, ROBERTS, O’CONNELL and CALDWELL, JJ., concur.