PER CURIAM.
This Court has considered both the petition and the State’s return in this habeas corpus proceeding.
On May 21, 1968, Petitioner was sentenced to two and one-half years in the Florida State Prison at Raiford following a plea of guilty to breaking and entering. July 8, 1969, Petitioner pled guilty to the crime of escape, and was sentenced by the trial judge to one year in the county jail pending good behavior. Although he had not completed his breaking and entering sentence, Petitioner was confined in the county jail pursuant to the escape sentence. While acting as a jail trusty, Petitioner left the county; on September 9, 1969, the trial judge set aside the July sentence and re-sentenced him to one year in the Florida State Prison. In an interdepartmental memorandum, Petitioner was notified that his sentence for escape would begin upon completion of the breaking and entering sentence, October 20, 1970.
Petitioner contends that the trial judge intended the breaking and entering sentence and escape sentence to be served concurrently. While this was not specified by the trial judge at sentencing, he wrote Petitioner in December 1969 and stated that the September 9 “sentence began on the date it was pronounced.”
Respondent contends that F.S. section 921.16, F.S.A., and F.S. section 944.40, F.S.A., preclude Petitioner’s serving con *151 current sentences. Section 921.16 provides that: “Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.” And according to Section 944.40, escape sentences “shall run consecutive to any former sentence imposed upon any prisoner.”
The trial judge upon inquiry from this Court concerning the instant petition, advised: “It appears that the escape statute makes it mandatory that it be consecutive. It was my intention that the one year sentence to the Department of Corrections should begin to run on the date it was pronounced, that is September 9, 1969. Anything less than that would have made the sentence void because I cannot sentence a prisoner to the Department of Corrections for less than one year.”
We believe that the trial judge, in saying that the escape sentence was to begin running on the day it was pronounced, was not indicating that the two sentences be served concurrently. Rather, he was making certain that Petitioner would serve a full year in the Department of Corrections for escape without receiving credit for time served during the summer on the earlier escape sentence.
F.S. section 944.40, F.S.A., clearly states that escape sentences must run consecutively. And in Sterns v. Wainwright, Fla.1967, 195 So.2d 860, this Court interpreted that statute to mean that “so long as any * * * former sentence was in effect the escape sentence was not being served.” At the termination of the breaking and entering sentence, therefore, Petitioner should serve a one-year escape sentence.
The writ of habeas corpus is discharged.
ERVIN, C. J., and ROBERTS, DREW, THORNAL and CARLTON, JJ., concur.