PER CURIAM.
Appellant/Loving appeals his conviction and eight year sentence, urging alternatively that the sentence should be made concurrent with a federal sentence partially served or that he should be allowed to withdraw his guilty plea. We cannot agree; the sentences are independent. The new state sentence, however, should have been made effective the date it was imposed. We remand for resentencing.
Mr. Loving was arrested by state authorities for robbery in 1968. While out on bail pending sentencing, he was arrested on a federal robbery charge. On May 28, 1969, he was sentenced to forty years on the state charge and on June 6, 1969, sentenced to fifteen years on the federal charge.
In 1977, Mr. Loving was released from federal custody and returned to Florida to serve the state sentence. After exhausting state remedies, he filed a petition for a writ of habeas corpus in federal court alleging that he had been promised a recommendation of an eight year sentence on the state robbery charge in exchange for a guilty plea and his cooperation. After an eviden-tiary hearing, Judge Scott ordered that Mr. Loving be resentenced to a term of eight years or be allowed to withdraw his plea.
On April 19, 1979, Mr. Loving was sentenced to eight years in state prison, beginning May 28, 1969 and “not to include any incarceration in the -federal system for any offense for which the federal system has sentenced you”.
Mr. Loving argues that the original 40 years sentence should have been concurrent with his anticipated federal sentence and therefore his new eight year sentence must be made concurrent. He would then be entitled to release, having served his eight years. We find little merit in this contention. The trial court’s only error was to make May 28, 1969 the effective date of the sentence. When Judge Scott invalidated the 1969 sentence, it was void from the beginning, Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (Fla.1943); Sterns v. Wainwright, 195 So.2d 860 (Fla.1967), and the new sentence runs from the date actually imposed, with credit given for any time served under the invalid sentence. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Simmons v. State, 217 So.2d 343 (Fla. 2nd DCA 1969).
It is well settled that sentences for different crimes run consecutively unless otherwise directed by the trial judge. Helton v. Mayo, supra; § 921.16, Florida Statutes (1977). We find no indication in the record that either trial judge intended the state sentence to be concurrent with the federal one. Nor does the record support Mr. Loving’s assertion that the original plea bargain contemplated concurrent sentences. In fact, his argument is directly contradicted by Judge Scott’s finding in the habeas corpus proceeding that the state and federal sentences were consecutive. Having taken this position in federal court, Mr. Loving may not now contend the opposite.
The evidence does not indicate that concurrent sentences were contemplated by the plea arrangement; defendant has now obtained the benefit of his bargain and is not entitled to withdraw his plea. Davis v. State, 308 So.2d 27 (Fla.1975); Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979).
Mr. Loving should be resentenced for an eight year term, effective the date of imposition, with credit for any time served under the invalid sentence.
The sentence is vacated and the case remanded for proceedings consistent with this opinion.
McCORD, Acting C. J., and ROBERT P. SMITH, Jr. and LARRY G. SMITH, JJ., concur.