ON PETITION FOR WRIT OF MANDAMUS
PER CURIAM.
Petitioner seeks a certificate of discharge on an attempted escape sentence, which, he has alleged, is expired. Because the petition is facially sufficient, and respondent has not refuted the underlying premise on which the petition is based, we grant the relief sought by the petition insofar as the respondent is directed to issue a certificate of discharge on the attempted escape sentence.
The petition alleges that in November of 1984, while incarcerated under a life sentence, petitioner was sentenced to five and a half years for attempted escape. The escape sentence was ordered to run consecutively to the underlying life sentence. However, on August 27, 1987, petitioner’s underlying convictions and life sentence were vacated by the District Court of Appeal, Fifth District, which remanded for a new trial. Taylor v. State, 511 So.2d 748 (Fla. 5th DCA 1987).
Petitioner alleges that the respondent, Department of Corrections, is calculating his escape sentence from the date the underlying sentence was vacated rather than from the date the escape sentence was imposed. Petitioner further contends that if the escape sentence is calculated from the date it is imposed, it has expired due to the accumulation of gain time and credit on that sentence.
Respondent does not dispute either of petitioner’s factual allegations with regard to the calculation of the escape sentence. Nor does respondent argue that calculation from the date of vacation of the underlying sentence is the proper method for determining the commencement of the escape sentence. Respondent does suggest that any relief to which petitioner is entitled will be hollow since petitioner is presently incarcerated in the Marion County Jail awaiting retrial on charges for which he has been denied bail pursuant to Article I, Section 14, of the Florida Constitution.
Be that as it may, once the first sentence was vacated, the consecutive sentence must be calculated from the date it was imposed, not from the date the first sentence was vacated. Falagan v. Wainwright, 195 So.2d 562 (Fla.1967); Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (Fla.1943). Since respondent has not refuted petitioner’s assertion that, properly calculated, the attempted escape sentence is expired, petitioner is entitled to discharge on that sentence. Accordingly, respondent is directed to issue the certificate of discharge and take the administrative steps necessary to reflect that petitioner has completed the sentence imposed for his conviction of attempted escape.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.