642 So.2d 831 (1994)
Edward Charles McInnis, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02333.
District Court of Appeal of Florida, Second District.
September 23, 1994.
*832 John D. Mills, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Edward Charles McInnis appeals his conviction for aggravated battery. He contends the trial court failed to instruct the jury on self defense and voluntary intoxication. Because the testimony supported the self defense instruction, we agree, reverse the conviction and remand for a new trial.
McInnis and the victim were involved in a "personal relationship" for approximately fifteen years. According to the victim's testimony, the aggravated battery occurred when McInnis entered her apartment and stabbed her several times with a knife. According to McInnis' testimony, the victim and her sister attacked him with knives. When the sister hurt McInnis' arm, he grabbed one of the knives. He further testified that his stabbing of the victim was accidental and defensive.
A defendant is entitled to an instruction on his theory of defense if there is any evidence to support it. Bryant v. State, 412 So.2d 347 (Fla. 1982); Wenzel v. State, 459 So.2d 1086 (Fla. 2d DCA 1984). "A defendant is entitled to his requested self-defense instruction regardless of how weak or improbable his testimony may have been with respect to the circumstances leading up to the battery." Taylor v. State, 410 So.2d 1358, 1359 (Fla. 1st DCA), review denied, 418 So.2d 1281 (Fla. 1982). A defendant's assertion that his injury of another was accidental will generally preclude an instruction on self defense. Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), review denied, 450 So.2d 488 (Fla. 1984). "However, where there is evidence indicating that the accidental infliction of an injury and the defense of self defense or defense of another are so intertwined that the jury could reasonably find that the accident resulted from the justifiable use of force, an instruction on self defense or defense of another is not logically precluded." Williams v. State, 588 So.2d 44, 45 (Fla. 1st DCA 1991).
Such a situation exists here and the self defense instruction should have been given to the jury. The testimony does not support an accident theory any more than a self defense theory and certainly not to the exclusion of self defense. Because the trial court failed to instruct the jury on self defense, we reverse.
McInnis also contends the trial court erred by not giving the jury a voluntary intoxication instruction. Unlike in Berry v. State, 586 So.2d 1229 (Fla. 4th DCA 1991), no one testified that McInnis was intoxicated. Absent such testimony, the trial court correctly denied the requested instruction. See Linehan v. State, 476 So.2d 1262 (Fla. 1985).
*833 Accordingly, we reverse McInnis' conviction for aggravated battery and remand for a new trial.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.