PER CURIAM.
Wayne Dilbert appeals the summaiy denial of his motion to correct sentence claiming jail credit was not awarded according to the terms of his plea agreement. Although the written sentence reflects an award of seven days’ jail credit, Dilbert insists that the trial court orally announced he was to receive credit for seven months. We reverse and remand.
According to Dilbert, the sentencing court found that since a void judgment had been entered against him, he was entitled to seven months’ jail credit, representing the time he served after the imposition of the void sentence. See Taylor v. Dugger, 527 So.2d 891 (Fla. 1st DCA 1988); Falagan v. Wainwright, 195 So.2d 562 (Fla.1967); Vellucci v. Cochran, 138 So.2d 510 (Fla.1962).
Dilbert’s claim is not conclusively refuted by the court’s order and attachments; therefore, this matter is remanded for further consideration. The trial court may again deny the motion if it attaches the plea hearing transcript or other documentation which rebuts Dilbert’s allegation. Alternatively, the court shall conduct an evidentiary hearing.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.