EDWARD F. THREADGILL, Senior Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Simpkins challenges his resentencing on remand from this court. We have reviewed the record and conclude that the trial court erred in orally adding a new condition of probation to Simpkins’ probationary sentence. The additional condition required Simpkins to pay $411 in court costs. This condition had not previously been imposed.
By requiring Simpkins to pay the $411 in costs as a new condition of probation, the court enhanced Simpkins’ sentence even though he had not violated his probation. This amounts to fundamental error. See Lippman v. State, 633 So.2d 1061 (Fla.1994). This additional condition cannot be considered a modification since there were no monetary conditions of probation ever previously imposed.
We, therefore, remand to the trial court to strike the condition of probation improperly imposed.[1] Otherwise, we affirm Simpkins’ convictions and sentences.
Affirmed, remanded to strike oral condition of probation.
NORTHCUTT and CASANUEVA, JJ„ Concur.

. While the written sentencing order does not contain this new condition, the oral directive does add this specific provision and oral directives control over written ones in sentencing. Trapp v. State, 760 So.2d 924 (Fla.2000).