SLEET, Judge.
Jimmy Cazares appeals his judgment and sentences for three counts of sexual activity with a child by a person in familial custodial authority following revocation of probation. We affirm the revocation of probation without further comment, but because the trial court erred in resentenc-ing Mr. Cazares after he had already begun serving his sentences on those charges, we reverse his amended sentences and remand for reinstatement of the original sentences.
In 1995, Mr. Cazares entered a plea of no contest to three counts of attempted sexual battery on a child less than twelve years old and three counts of sexual activity with a child by a person in familial custodial authority. The trial court imposed a sentence of ten years’ prison on the attempted-sexual-battery charges with a consecutive sentence of fifteen years’ prison followed by ten years’ probation on the sexual-activity charges. In 2010, the State filed an affidavit of violation of probation alleging that Mr. Cazares violated his probation by failing to provide truthful information to his probation officer. Following a revocation of probation hearing, the trial court found that Mr. Cazares violated the terms of his probation and sentenced him to thirty years’ prison on the attempted-sexual-battery charges and five years’ prison on the sexual-activity charges, to run consecutively.
What transpired thereafter is a procedural quagmire, but for the purposes of this appeal it is sufficient to say that Mr. Cazares then filed a motion under Florida Rule of Criminal Procedure 3.800(b)(1) to correct an illegal sentence, arguing that the sentences imposed on the attempted-sexual-battery charges should be vacated because Mr. Cazares was not placed on probation with respect to those charges. The trial court granted the motion and vacated the sentences on the attempted-sexual-battery charges, but on motion by the State, the trial court increased the sentences on the sexual-activity charges to reflect the trial court’s intended sentence of thirty years’ prison. In this appeal, Mr. Cazares argues that the trial court erred in resentencing him on the sexual-activity charges when he had already begun serving his sentences on those charges and did not challenge those sentences in his rule 3.800 motion.
“Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.” Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). Moreover, a motion to correct sentence directed at specified counts does not permit a trial *830 court to modify legal sentences imposed in other counts in the same case. See Delemos v. State, 969 So.2d 544, 549 (Fla. 2d DCA 2007).
Here, it is apparent that the trial court made a mistake in sentencing Mr. Cazares on the attempted-sexual-battery chai’ges but intended that Mr. Cazares serve an overall sentence of thirty years. Nevertheless, under current Florida law we must hold that the trial court erred in increasing Mr. Cazares’ sentences on the sexual-activity charges because Mr. Ca-zares had already begun to serve his sentences on those charges. See Ashley, 850 So.2d at 1265; see also Taylor v. Dugger, 527 So.2d 891, 892 (Fla. 1st DCA 1988) (“[0]nce the first sentence was vacated, the consecutive sentence must be calculated from the date it was imposed, not from the date the first sentence was vacated.” (citing Falagan v. Wainwright, 195 So.2d 562 (Fla.1967); Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (1943))). Furthermore, Mr. Cazares’ motion to correct illegal sentence was directed solely at the sentences imposed on the attempted-sexual-battery charges, precluding the trial court from increasing his sentences on the unchallenged sexual-activity charges. Accordingly, we conclude that the trial court erred in increasing Mr. Cazares’ sentences on the sexual-activity charges, and we reverse and remand for reinstatement of the original sentences imposed following revocation of probation.[1]
Affirmed in part; reversed in part; remanded.
KELLY, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. Our decision renders Mr. Cazares' remaining argument that he was entitled to be present for his resentencing moot.