ON MOTION FOR CLARIFICATION

EVANDER, J.
We grant Appellant’s Motion for Clarification, withdraw our previous opinion, and substitute this opinion in its place.
Dana Peacock appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We find Peacock’s argument on appeal has merit because the record reflects, on its face, that Peacock’s sentence had been enhanced in violation of double jeopardy principles.[1]
A jury found Peacock guilty of two counts of sexual activity with a minor by a person in familial or custodial authority (Counts I and VII), four counts of lewd, lascivious or indecent act upon a child (Counts III, VI, IX, and XI), and one count of forcing or enticing a child to commit a lewd, lascivious or indecent act (Count X).[2] He was sentenced on October 2, 2000, to 22.3 years’ incarceration on Counts I and VII, 15 years’ incarceration on Counts III and VI, and ten years of probation on Counts IX, X, and XI. The incarceration terms were ordered to be served concurrently and the probationary terms were ordered to be served concurrently to each other, but consecutive to the terms of incarceration. This Court per *516 curiam affirmed the judgment and sentence. Peacock v. State, 812 So.2d 430 (Fla. 5th DCA 2002).
On October 14, 2002, Peacock filed an amended motion to correct illegal sentence based on an alleged scoresheet error. That motion was granted and a resentenc-ing hearing took place on October 27, 2003. At resentencing, the successor trial judge imposed the identical sentences of incarceration previously pronounced and enhanced Peacock’s sentence by adding four new special conditions of probation. The newly-imposed conditions were:
f. You will undergo drug or alcohol screening as directed by your officer to determine if you need treatment for drug or alcohol abuse.
[[Image here]]
k. You will submit to urinalysis, breathalyzer or blood test at any time requested by your officer, or by the professional staff of any treatment center where you are receiving treatment, to determine the presence or use of alcohol or controlled substances at your expense.
[[Image here]]
27. At your own expense, you shall submit to an HIV test within sixty days with the results to be released to the victim and/or the victim’s parents or guardian.
28. You will participate, at your own expense, in the electronic monitoring program as directed by your supervising officer, and you will comply with all instructions given by your officer or his/ her supervisor in this regard.
On September 18, 2014, Peacock filed the instant motion to correct illegal sentence contending, inter alia, that the imposition of additional probation conditions at his resentencing hearing violated double jeopardy. ■ That motion was denied and this appeal followed.
Where a court can determine, as a matter of law, that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, that claim of illegal sentence is cognizable under rule 3.800(a). Hopping v. State, 708 So.2d 263, 265 (Fla.1998). The enhancement of probation conditions, absent proof of a violation, is precluded by double jeopardy principles. See Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994) (“Absent proof of a violation, the court cannot change an order of probation by enhancing the terms.” (citing Clark v. State, 579 So.2d 109, 110-11 (Fla.1991))).
The State argues that the imposition of additional special conditions of probation was permissible because the re-sentencing hearing was a “de novo” proceeding. We reject this argument. First, the trial court enhanced Peacock’s sentences of probation on Counts IX, X, and XI, even though the scoresheet error that formed the basis for the resentencing hearing would only potentially impact the sentences of incarceration imposed on Counts I, III, VI, and VII. A motion to correct sentence directed at specified counts does not permit a trial court to modify legal sentences imposed on other counts in the same case. Cazares v. State, 127 So.3d 828, 829-30 (Fla. 2d DCA 2013). Second, the resentencing hearing took place because of a scoresheet error that “favored” the State. A resentencing proceeding initiated to determine if a defendant is entitled to a lesser sentence cannot be utilized by the trial court to increase-the sentence. See Simpkins v. State, 841 So.2d 643, 643 (Fla. 2d DCA 2003) (holding that trial court committed fundamental error by imposing new conditions of probation at resentencing hearing following remand from appellate court).
*517 REVERSED and REMANDED to strike the four new special conditions of probation imposed at Peacock’s October 27, 2003, resentencing hearing.[3]
PALMER and LAWSON, JJ., concur.

. The Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb.” Amend. V, U.S. Const. Similarly, Article I, section 9 of the Florida Constitution provides in relevant part that "[n]o person shall ... be twice put in jeopardy for the same offense.”

. The offenses were alleged to have occurred between August 1994 and February 1995.

. To the extent other conditions of probation imposed at the October 27, 2003 resentencing hearing have similar but not identical language as the conditions of probation previously imposed, they are to be construed so as to not constitute an enhancement of Peacock’s sentence.